[No. 13513. In Bank. — July 30, 1890.]

# J. H. BURKS, Respondent, v. J. M. DAVIES, Appellant.

Vendor and Purchaser — Rescission of Contract for Failure of Title — Recovery of Purchase-money. — In case of failure of title, whether the vendor is at fault or not, the purchaser may rescind a contract for the purchase of land, and recover the purchase-money paid by him as part of the purchase-price.

Id. — Rescission of Option to Purchase before Time Fixed — Failure. — When a vendor, in consideration of a specified payment, gives an option to a purchaser to buy at any time within a fixed period certain lands particularly described, a portion of which is known to the vendor to belong wholly to another party, and it is agreed that the amount paid is to be forfeited unless the purchase is made within the time fixed, the purchaser of the option may, upon discovery of the failure of title before the time fixed, rescind the contract, and demand repayment of the purchase-money.

Id. — Duty of Vendor of Option to Make Title Good. — The vendor of an option to purchase is in duty bound to be ready at all times within the period of the option given, during which a conveyance may be demanded by the purchaser, to convey a good title to all the land which he has agreed to sell, upon further payment by the purchaser.

Id. — Tender of Balance of Purchase-money by Holder of Option — Condition of Rescission. — In case of failure of title, discovered by the holder of an option to purchase, he is not required to tender the remainder of the purchase-money, and to demand a conveyance before avoiding the contract, but may at once rescind the contract, and demand repayment of the amount paid for the option.

Id. — When Vendor may Make Title Good — When not — Lapse of Time for Performance — Conditional Offer. — If the vendor, though not the absolute owner, has it in his power by the ordinary course of law or equity to make himself such owner, he will be permitted within a reasonable time to do so; but if he has no contract for the title, and makes no attempt to obtain it until after the contract of purchase has been rescinded, and could not have conveyed it during the time within which the contract was to be performed, it is immaterial that he thereafter receives an offer for it on condition that the purchaser is ready to take the property, and the court need not pass upon the question whether the purchaser was then willing or anxious to take it.

Appeal from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Haynes & Mitchell*, for Appellant.

*Smith, Winder & Smith*, for Respondent.

PATERSON, J. — On August 8, 1887, the defendant executed and delivered to the plaintiff a contract, the material portions of which, so far as this case is concerned, are as follows: "Received of J. H. Burks one thousand dollars, in purchase of option to buy the undivided one third of [certain lands particularly described]; said option to be from this date to the first day of September next. . . . . In case said purchase is made during the time above mentioned, the amount this day received is to be deducted from first payment; but in case the said purchase is not made in said time, then the amount this day received shall be forfeited, and no part of said option money is to be returned. Time is the essence of this contract." The court found that at the time of the transaction the plaintiff understood that the defendant was the owner of an undivided one third of the lands referred to in the agreement, and that the remaining two thirds were owned by others, and being desirous of purchasing the whole of the lands, had concluded an agreement with the other parties respecting their interest, substantially the same as the one above referred to, of all of which defendant had actual notice; but, as a matter of fact, the defendant and the other parties referred to were not the owners of the entire tract of land. Five acres thereof were owned by George H. Smith. The court found that the defendant had notice at the time of the execution of the contract that Smith was the owner of the five acres, but neglected to communicate the fact to plaintiff, although he knew plaintiff was relying on his ability to purchase the whole of the land, and would not have entered into the contract had he known of the defect in the title. Prior to the first day of September, plaintiff was notified by Smith of the latter's claim to the land, and having satisfied himself

that Smith's claim was well founded, he promptly re-
scinded the contract, and demanded repayment of the
one thousand dollars paid by him to the defendant.

The plaintiff had judgment in the court below for one
thousand dollars and costs of suit, and defendant ap-
pealed.

It is said by Sugden, in his treatise on Vendors, that
"where a person sells an interest, and it appears that
the interest which he pretends to sell was not the true
one, . . . . the purchaser may consider the contract at
an end, and bring action for money had and received,
to recover any sum of money which he may have paid
in part performance of the agreement for sale." It is
admitted by counsel for appellant that it is the duty of
one who has made an unconditional agreement to sell
land to perfect his title at once, if he desires to hold the
vendee to his bargain, but they claim "no such impera-
tive duty rests upon one who has merely sold an option.
His obligation to convey does not arise until the other
party has notified him that he intends to purchase; . . . .
a party need not own property in order to sell an option
to purchase it; . . . . the plaintiff never could recover
the one thousand dollars unless he alleged and proved
either that the defendant failed to convey after demand
and tender of the purchase-money, or else some facts
which excused such demand and tender on his part."

In *Goetz* v. *Walters*, 34 Minn. 241, the plaintiff had
paid the defendant three hundred dollars as earnest
money and a portion of the purchase price, under a con-
tract for the sale to him of a certain piece of property.
It was agreed between the parties that if the title to the
premises was good, and the property should not be taken
on the terms named in the contract, the three hundred
dollars should be forfeited. The court said it made no
difference whether the words "and it is agreed that if
the title to said premises is not good" referred to the
date of the contract or to the time for the execution of the

conveyance. The court further said: "Assume that the words refer to the time for executing the conveyance, clearly that was to be executed whenever, within the time specified, to wit, thirty days, the plaintiff should pay the five hundred dollars and deliver the horse and buggy. Within that time it was for the plaintiff, and not the defendant, to determine when performance should be required. She could have called for a conveyance within an hour after the contract was executed, her right to do so being subject only to the condition that she make the payments. Upon such a call he would have been entitled to no more time than was reasonably necessary for the execution of the papers. He was bound to be prepared at all times within the thirty days to convey a good title, and whenever within that time she should ascertain that he had no title, so that it was impossible for him to make a conveyance, she could at once avoid the contract without going to the useless trouble of tendering payment and calling on him to convey. The answer admits that she did so on May 15th. Thereupon it was the duty of defendant to repay to her the three hundred dollars."

It has been held in England that "where a person takes upon himself to contract for the sale of an estate, and is not absolute owner of it, nor is it in his power by the ordinary course of law or equity to make himself so, though the owner offer to make the seller a title, yet equity will not force the buyer to take; for any seller ought to be a *bona fide* contractor, and it would lead to infinite mischief if an owner were permitted to speculate upon the sale of another's estate." (*Lendring* v. *Lunnon*, 2 Eq. Cas. Abr. 680.) It is a general rule in cases of failure of title, even where the vendor is not at fault, that the purchaser may rescind the contract and recover any money paid by him as part of the purchase price. (*Sanders* v. *Lansing*, 70 Cal. 429; *Marshall* v. *Caldwell*, 41 Cal. 614.) In this case the vendor knew of the defect to

his title at the time the contract was made, and made no attempt whatever to secure the title of Smith until after plaintiff had given him notice of rescission.

Under a contract for the sale of real estate, the vendee. is regarded as the equitable owner, and the vendor a trustee of the legal title for him. If the vendor has no title to the property, the vendee is entitled to a rescission. Of course, there are cases in which the vendor is permitted to perfect his title, although he is unable, strictly, to comply with the terms of his contract. If, though he be not the absolute owner, it is in his power, *by the ordinary course of law or equity, to make himself such owner,* he will be permitted within a reasonable time to do so. (*Pitkin* v. *James,* 1 Humph. 323.)

The defendant received plaintiff's notice of rescission on September 1st, and immediately informed him that he would procure Smith's title if he, the plaintiff, desired to purchase under his option, and thereupon the plaintiff said he would give him twenty-four hours to procure the title. Defendant, through O'Dea and Stillson, procured from Smith the following written offer:—

"LOS ANGELES, Sept. 2, 1887.

"The Allen tract in lots 1 and 8, block 32, Hancock survey, containing a fraction less than five acres. . . . . $1,500 per acre, half cash, balance interest at 9 per cent on contract, 12 per cent on deed and mortgage. Will sell on above terms *unless option heretofore given is taken.*

"GEORGE H. SMITH."

On the following day, September 2d, plaintiff again called on defendant, and defendant notified him that ir he desired to purchase under his option he could have the whole of the land, and showed him the above offer, to which the plaintiff replied: "That only shows that you have not got the title." Defendant told plaintitr that if he elected to purchase he would give him a bond, with satisfactory sureties, that he should have a good title to the whole of the property. At the request of the

plaintiff, defendant produced a later communication from Smith to Stillson, dated also September 2d, in the following words: —

"Los Angeles, September 2, 1887.

" C. A. Stillson, Esq.

"*Dear Sir*, — With regard to my written proposition to sell the Allen tract, I wish to say that if you have a purchaser *ready to close at once*, I will sell upon the terms proposed; *otherwise please consider the proposition withdrawn.*          Yours truly,

" George H. Smith. "

It thus appears that no attempt was made by the defendant to get title to the five acres until the expiration of the option, and after the plaintiff had rescinded the contract, and, as a matter of fact, the defendant never did succeed in getting title to the property held by Smith, and could not have conveyed it before the expiration of the time given for the exercise of the option. The offer given by Smith to O'Dea and Stillson seems to have been one subject to an option which had already been given to another party, and it was withdrawn on the day it was made.

Under the rule laid down in *Goetz* v. *Walters, supra,* — of the soundness of which we have no doubt, — the plaintiff, we think, is entitled to recover the one thousand dollars. This case is not in any material respect different from the case referred to. It involves the same principles, and it was not necessary for the court to find whether the plaintiff was willing or anxious to take the property.

Judgment and order affirmed.

Fox, J., Sharpstein, J., McFarland, J., and Thornton, J., concurred.