W. N. PRIMM v. WISE & STERN, Appellants.

**Sale of land:** RESCISSION OF CONTRACT. Where time is of the essence
1    of a contract to convey land, plaintiff, to establish his right to rescind for defendant's default, must prove that he was ready, able, and willing to perform his part and made substantial tender of performance on the date specified.

**Rescission of contract:** TENDER. Where defendants were not
2    ready, able, and willing to perform their contract for the conveyance of land at the time specified, and plaintiff tendered a draft for the amount of a cash payment to which no objection was made, and nothing was said regarding a mortgage to be

given for deferred payments, such tender was sufficient to support plaintiff's suit to rescind.

**Rescission.** Where defendants, having only an option to purchase land, agreed to convey it at a specified time under a contract of which time was the essence, and they were unable to procure title on that date, such breach of the contract entitled their purchaser to rescind.

**Rescission:** CURING DEFECTIVE TITLE. A contract providing that vendors shall have a reasonable time after tender of an abstract to remedy defects in the title, does not contemplate a complete absence of title and delay for the purpose of procuring the same.

**Rescission:** TENDER OF PERFORMANCE. Where plaintiff, under a contract to purchase real estate, knew that defendants had no title on the date specified for performance and that they were unable to perform, it was necessary for him before rescinding to make a technical tender of performance, provided he was ready, able, and willing to perform had defendants been able to do so.

*Appeal from Woodbury District Court.*— Hon. George W. Wakefield, Judge.

Friday, February 10, 1905.

Action commenced at law to recover $2,000, paid by plaintiff to defendants on a contract of defendants to convey certain land to the plaintiff, which it is alleged defendants were unable to convey at the time specified in the contract, whereupon plaintiff rescinded the contract, and demanded the return of the payment already made. Defendants relied upon failure of plaintiff to tender performance of the contract at the time specified, and alleged their own readiness and ability to perform, and asked that either the contract be specifically enforced as against plaintiff, or that they have damages for its breach. The case was, by consent of parties, tried in equity, and a decree was rendered for plaintiff for the return of the money paid by him, with interest. Defendants' counterclaim was dismissed. Defendants appeal.*
— *Affirmed.*

*Henderson & Fribourg,* for appellants.

*J. A. Penick, Stuart & Stuart,* and *Charles A. Dickson,* for appellee.

McClain, J.— The contract of defendants to convey certain specified land in Missouri to the plaintiff, then a resident of Iowa, was made on the 10th of September, 1902, defendants purporting to act, however, as agents of an undisclosed principal, and subject to the owner's approval. By its terms $2,000 cash was to be paid on the execution of the contract, and the receipt of that amount was acknowledged. It was provided that on February 1, 1903, the plaintiff should make a further payment of $3,100, assume a mortgage of $2,400, and give a mortgage back for the balance of the purchase price ($4,500); and that the defendants should convey, or cause to be conveyed, the tract of land described, to the plaintiff, furnishing him " an abstract of title, showing from them, or from whom the deed is to come, a good merchantable title." The plaintiff was also to have ten days in which to examine the title and return the same to the defendants, together with his objections, which the defendants should have a reasonable time thereafter to cure, the nature and kind of objections to be taken into consideration in the length of time to be given to the defendants for curing and remedying the same. It was also provided that possession was to be given to the plaintiff on the 1st day of February, 1903.

· It is conceded that by the terms of the contract the time of performance was of its essence, and therefore plaintiff, in order to establish his right to rescind for failure of defendants to perform on the date specified, must 1. Rescission of contracts. show that on that date he was ready, able, and willing to perform on his part, and made a substantial tender of performance, and that defendants refused or were unable on that date to substantially perform

the contract on their part.   *Davis v. Stevens,* 3 Iowa, 158;
*Iowa Railroad Land Co. v. Mickel,* 41 Iowa, 402; *Johnson v.
Thornton,* 54 Iowa, 144; Pomeroy, Specific Performance,
section 340.

The place fixed for the performance of the contract was
at the office of defendants in Kansas City, and as the 1st of
February, the date of performance named in the contract,
fell on Sunday, plaintiff appeared there .on Saturday, having
with him a draft for $3,100, the amount of the cash payment
to be made on that date, and professed to be ready to carry
out the contract.   He had  already learned, however, that
the land belonged to one Mrs. Gaines, for whom her husband
seemed to be acting as agent; and during the day plaintiff
sought out Mr. Gaines for the purpose of negotiating with
him for the purchase of such feed as there might be on the
farm.   Gaines, however, declared that he and his wife would
not surrender possession of the premises nor execute a deed
thereto until March 1st, whereupon plaintiff took Gaines with
him to defendants' office for the purpose of having the situa-
tion as to the title and right of possession of the farm cleared
up.   After a private interview with Gaines, one of the de-
fendants admitted that he was not ready to make or secure
a deed at once.   There were further negotiations · between
the parties, and it appeared by a preponderance of the evi-
dence that plaintiff still professed on the 2d of February,
at defendants' office, to be able and willing to carry out the
contract on his part, provided defendants were ready to per-
form on their part.

As to the sufficiency of plaintiff's offer of performance,
defendants claim that a cash tender of payment was not made,
and that no mortgage for the deferred payment was offered
by plaintiff.   But it is sufficient answer to these

2. RESCISSION OF
CONTRACT:
tender.

objections to say that defendants did not express
any objection to the acceptance of the draft
which plaintiff had in his possession and exhibited to them,
nor did they make any inquiry as to whether plaintiff was

ready to execute the mortgage. In fact, nothing whatever was said about the execution of the mortgage on either side. The whole difficulty between the parties was as to whether defendants were ready and able to carry out the contract on their part if plaintiff should perform his obligations; and it became clear to the plaintiff on the 31st of January, and continued to be evident until the evening of the 2d of February, when his last interview with defendants ended, that defendants were not able to make conveyance or to give possession at that time.

The facts about defendants' ability to make title and transfer possession are substantially these: Prior to the execution of the contract with plaintiff, defendants had made a contract with Mr. and Mrs. Gaines, by which, in consideration of a cash payment and a promise to pay the balance of the purchase price on or before March 1, 1903, Gaines and his wife agreed to convey the property and give possession thereof to these defendants on or before that date. Some point is made as to the effect of the stipulation that the deed would be made and possession given " on or before March 1st," and it seems to be claimed for defendants that they were entitled to the possession and the deed on February 1st, should they demand it, and pay the balance of the purchase price. But there is nothing in the contract to justify such a construction. It was not stipulated that Gaines and wife would surrender possession to defendants before March 1st, if demanded, and the balance of the purchase money paid. And, plainly, defendants were not in a situation to compel performance of the contract until March 1st. It appears, therefore, that defendants had agreed in a contract, in which time was the essence, that on the 1st day of February they would transfer possession, and make or cause to be made a deed which would convey complete and absolute title to the plaintiff, while on that date they had simply an executory contract for the purchase of the land from Gaines and his wife, under which they were not entitled to possession and

a deed until one month later; and, furthermore, it was made known to both the plaintiff and the defendants on January 31st that Gaines and his wife would refuse to surrender possession or make a deed until the 1st of March. The defendants were not ready and able to carry out their contract with plaintiff either on the 31st day of January or on the 2d day of February, and plaintiff was not bound to go further than he did go in making a tender of the money or offering to execute and deliver the mortgage for the deferred payment.

Counsel for defendants rely on evidence tending to show that plaintiff on the 2d day of February was not willing and ready in good faith to carry out the contract on his part, but was seeking to secure a technical advantage, and that he refused to allow to defendants any opportunity to arrange with Gaines and his wife for transfer of title and possession, and that when defendants offered to secure title and possession for him, and professed their confidence in their ability to do so, he told them that it was too late. But they did not pretend that they could give title and possession on that day, nor that there was any reasonable ground for belief that such transfer could be secured until March 1st. Plaintiff was justified in declaring that it was too late to consider any further offers or proposals in view of the confessed inability of the defendants to carry out the strict terms of the contract on their part.

3. RESCISSION.

It is also urged that by the contract defendants were to have a reasonable time after the abstract was tendered to the plaintiff to cure any defects therein for the purpose of showing a perfect title in the defendants, and that, if objection had been properly made to the defects in the title, the defendants could, within a reasonable time, have remedied them by securing title and possession from Gaines and his wife. But the stipulation in the contract with reference to the defects in title which should appear by the abstract was clearly not intended to refer to a complete absence of title on the part of the de-

4. RESCISSION:
curing defective title.

fendants and an entire inability on their part to carry out the contract.

Counsel say that by the law of Missouri defendants, under the contract with Gaines and wife, " had a title which was only defective in that conveyance had not yet been made."

But this is evidently an after-thought. It was **5. RESCISSION: tender of performance.** not an equitable title, or a right to acquire title, which defendants agreed should be transferred to the plaintiff on the 1st of February, but a full and complete legal title to the premises. If defendants had in fact at that time had such title, but for some technical reason the abstract failed to show it, they no doubt would have been entitled under their contract to a reasonable time in which to perfect the abstract. But in fact they did not have title, either apparent or real. They had merely a contract, by which, on the 1st of March they might acquire title on the payment of the balance of the purchase price of the property a very small part of which had been paid by way of advance payment when their contract with Gaines and wife was made. In short, their equitable interest in the property on the 1st of February was to the extent of an advance payment of $500 out of a total of $8,000 purchase price. Therefore they were not in a situation to carry out the contract, and plaintiff was entitled to rescind. *Burks v. Davies,* 85 Cal. 110 (24 Pac. Rep. 613, 20 Am. St. Rep. 213). Defendants were not entitled to a reasonable time in which to procure title. They should have been ready to convey a good title when plaintiff proposed, on the day fixed by the contract, to perform on his part. *Bartle v. Curtis,* 68 Iowa, 202; *Goetz v. Walters,* 34 Minn. 241 (25 N. W. Rep. 404); *Gregory v. Christian,* 42 Minn. 304 (44 N. W. Rep. 202, 18 Am. St. Rep. 507). In view of his knowledge of defendants' inability to perform, it was not incumbent upon plaintiff, before rescinding, to make a technical tender of performance on his part. If he was then willing to perform, and might have performed had defendants been able to carry out the con-

tract, he was justified in rescinding on account of the breach of the contract. *Hopwood v. Corbin,* 63 Iowa, 218; *Clark v. Weis,* 87 Ill. 438 (29 Am. Rep. 60); *White v. Mann,* 26 Me. 361.

The decree of the trial court is correct, and it is *affirmed.*