[No. 7917.   Department One.   May 27, 1909.]

J. B. WALSH et al., Appellants, v. W. E. COLVIN et al., Respondents.[1]

VENDOR AND PURCHASER—RESCISSION BY VENDEE—CONTRACT—FAILURE TO PERFORM—EVIDENCE—FAILURE OF PROOF. In an action for damages on a vendee's rescission of a land contract, on failure of the owners to deliver a deed upon demand upon one defendant, there is a failure of proof as to default by another defendant having an interest in the land who tendered a deed within a reasonable time thereafter, where it appears that he had no previous knowledge of the sale, and his only connection with the matter was through an agency expressly limited to the execution of a contract without power to make deeds until certain conditions were performed.

TENDER—SUFFICIENCY. The sufficiency or formality of a tender cannot be questioned by one who refuses unconditionally to accept a tender.

VENDOR AND PURCHASER—PERFORMANCE—REASONABLE TIME FOR DELIVERY OF DEED. Where a tender of a balance due upon the purchase price of land was made April 1, entitling the purchaser to a deed, and the vendor was without title and had to acquire the same by paying $3,500, but took no steps to do so until the matter was taken up by another, a tender of a deed on April 29th is not made within a reasonable time.

SAME—RESCISSION BY VENDEE—DAMAGES. Where a vendor, having no title, agreed to give a deed upon payment of the balance due, which is duly tendered, the vendor does not have a reasonable time within which to acquire title, but his contract is breached, and the vendor may rescind at once and recover the purchase money paid, with interest.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered October 10, 1908, in favor of the defendants, by direction of the court, after a trial on the merits before the court and a jury, in an action on contract. Affirmed in part and reversed in part.

Loveday, Kelley & McMillan (L. L. Merritt, of counsel), for appellants.

C. L. Parker and E. P. Dole, for respondents.

[1]Reported in 101 Pac. 1085.

RUDKIN, C. J.—On the 19th day of March, 1908, the plaintiffs and the defendant Colvin entered into a contract in writing, whereby Colvin agreed to convey to the plaintiffs certain lands therein described, in consideration of the sum of $950, to be paid as follows: $100 cash on execution of the contract, the receipt of which was acknowledged, the balance in monthly installments of $15 per month, with interest on deferred payments at the rate of 7 per cent per annum. The contract provided that a discount of ten per cent would be allowed if payment in full was made before April 1, 1908. It was further agreed that if the plaintiffs should pay said several sums promptly when due, the defendant Colvin would, upon request, deliver a deed and abstract for the premises. At the time this contract was entered into, the title to the property stood in the name of Levi Foust, of Philadelphia. The defendant Parker had a contract with Foust for the purchase of this and other lands, under the terms of which a deed to Parker was placed in escrow in a Philadelphia bank to be delivered on the payment of the sum of $3,500, at any time within five years. On the 2d day of November, 1907, the defendants Parker and Colvin entered into an agreement with one Simpson, a real estate dealer of the city of Tacoma, which recited that Parker and Colvin had control of a large tract of land in Pierce county, including the five-acre tract in controversy, and appointed Simpson their agent to subdivide and sell the property. The latter agreement expressly provided,

"That no person entering into any contract to purchase any of said five-acre tracts shall be entitled to receive any deed until after enough land shall be sold to produce the sum of at least three thousand five hundred dollars ($3,500) in cash payments to be paid to the said C. L. Parker or his order, and thereafter the parties of the first part are to cause deeds for said five-acre tracts to be delivered to the parties entitled thereto within a reasonable time after the full purchase price shall have been paid to the parties of the first part for any particular five-acre tract."

At the time the contract between the plaintiffs and the defendants Colvin was entered into, the plaintiffs were informed that the title to the property was good, and that the deed was in the bank. They had no notice or knowledge of the above contract between Parker and Colvin and Simpson, or of the true state of the title. In fact they had no notice or knowledge of the true state of the title to the land until the 18th day of April, 1908. Up to this point there was no conflict in the testimony. The plaintiffs entered into possession of the property and made improvements of some considerable value. According to their contention they tendered the balance due on the contract of purchase to Colvin on the 1st day of April, 1908, and demanded a deed. The defendant Colvin said that he was unable to give a deed at the time, and put the plaintiffs off from time to time until the 23d day of April, 1908, at which time the plaintiffs rescinded the contract, and thereafter brought this action to recover the $100 paid on the contract and damages, amounting in all to the sum of $1,500.

The defendant Colvin denied that the plaintiffs made a tender of the balance due on the contract, claiming that they merely expressed a readiness to pay the balance due, and receive a deed whenever he was ready to close the deal. The defendant Parker, on the other hand, had no knowledge that the contract had been entered into until the 18th day of April, 1908, and contended that a couple of days later he had an agreement or understanding with one of the attorneys for the plaintiff, under which the time for delivering the deed was extended for ten days or two weeks, and that within that time a deed was tendered. At the close of the defendants' testimony and while the plaintiffs were offering their rebuttal, the court said:

"I do not think the court would be treating you fairly without stating that it is the opinion of this court that the defendants in this action had a reasonable time after the offer of the money, in which to get their deed."

After further discussion, the court again said:

"The court will hold, in order to put an end to this case where it thinks it should end, that the testimony is not competent, for the reason that it appears conclusively in the evidence that within a reasonable time after the plaintiff tendered his money, assuming that he made a tender, that the defendants tendered a deed to him, and therefore having voluntarily abandoned the land after that time, he has suffered no damages for which he can recover from the defendants, and I will instruct a verdict for the defendants."

From a judgment entered on the verdict thus instructed, this appeal is prosecuted.

As to the respondent Parker, the judgment was clearly right. He was not a party to the contract between the appellants and Colvin, nor was he bound by the provisions of that contract. With the apparent object of showing a community of interest between Colvin and Parker, the appellants offered in evidence the recital in the contract between Parker and Colvin and their agent Simpson, to the effect that Parker and Colvin had control of a certain tract of land in Pierce county, which included the land in controversy, but the relation between the parties must be determined from the entire contract, and the court below properly so ruled. As shown above, that contract provided that no purchaser should be entitled to a deed until at least $3,500 had been received from the sale of the lands described therein, and that a deed should be delivered within a reasonable time thereafter. If we should assume that this contract created an agency of some kind between Parker and Colvin, the agency was a limited one, and would not authorize the execution of any such contract as that before the court. No other or further attempt was made to connect the respondent Parker with the contract, and as to him there was a failure of proof.

Again, there is some controversy as to whether the appellants made a sufficient tender of the balance due on the purchase price on April 1, and whether the respondents made a sufficient tender of a deed on April 29. The respondents

contend that the ten per cent discount was to be allowed on the balance of $850 due on the purchase price, while the appellants contend, and attempted to show by proof, that the discount of ten per cent was to be allowed on the entire purchase price. This would make a difference of $10 between the parties as to the amount of the balance due. The testimony of the appellants tends to show, however, that they tendered the sum of $800, out of which they asked the respondent Colvin to take the balance due, which under no circumstances could exceed $775, and that Colvin stated that he could not give a deed, and refused to accept the tender. Under the repeated rulings of this court the tender was sufficient under such circumstances. It also appears, without apparent contradiction, that the respondents were ready, able, and willing to give a good and sufficient deed to the premises on April 29, and expressed their willingness so to do, but their offer was rejected absolutely and unconditionally by the appellants. Here again. a more formal tender was waived.

The respondent Colvin attempts to sustain the judgment in his favor upon the ground that the time for delivering the deed was extended by agreement of the parties, but we do not think the judgment should be sustained on that ground. Manifestly if no tender of the purchase price was made, or if the time for performance was extended by agreement, the appellants must fail in their action, but the court below based its decision on the broad ground that a tender of a deed on April 29, in performance of a contract calling for a delivery on April 1, was within a reasonable time as a matter of law. The appellants were given no opportunity to controvert the testimony tending to show an extension of time by agreement, and under the ruling of the trial court, such testimony would have been immaterial. The judgment must therefore stand upon the ground upon which it was based in the court below, if it stands at all. No doubt a vendor has a reasonable time in which to prepare and tender a deed after a tender of the purchase price, and it is equally well settled that what consti-

tutes a reasonable time may be a question of law for the court. The time may be short or so long delayed that a court will not hesitate to declare the time reasonable or unreasonable as a matter of law, but between these extremes there is a debatable ground where the reasonableness of the time is a mixed question of law and fact to be determined by the jury under proper instructions from the court.

In the case at bar, if the testimony of the appellants is true, and it was the exclusive province of the jury to determine that question, we do not think that the deed was tendered within a reasonable time, either as a matter of law, or as a matter of fact. If we assume that the appellants tendered the balance due on the purchase price on April 1, and demanded a deed, and we must so assume, the respondent Colvin did not attempt to show that April 29th was a reasonable time within which to tender a deed under the circumstances of this case. Indeed, his defense was that there was no tender or demand for a deed at all. At that time the property stood in the name of a third person, and Colvin and Parker could only obtain a deed by paying the sum of $3,500. Colvin did not offer or attempt to pay this sum, nor did he consult with his vendors about obtaining the title, or take any other steps to place himself in a position to perform his contract, so far as the testimony discloses, until the matter was taken up by the appellants' counsel with the respondent Parker. While a vendor may have a reasonable time in which to prepare and deliver a deed, he does not have a reasonable time in which to acquire title to the property to enable him to perform his contract. If a vendor agrees to convey title at a given time, and has no title when the date for performance arrives, the question of a reasonable time for preparing a deed does not enter into the case. There is a breach of the agreement to convey for which the purchaser may at once rescind. *Goetz v. Walters*, 34 Minn. 241, 25 N. W. 404; *Gregory v. Christian*, 42 Minn. 304, 44 N. W. 202, 18 Am. St. 507; *Primm v. Wise*, 126 Iowa 528, 102 N. W. 427; *Webb v.*

*Hancher*, 127 Iowa 269, 102 N. W. 1127; *Burks v. Davies*, 85 Cal. 110, 24 Pac. 613, 20 Am. St. 213.

As to the respondent Colvin, the judgment must therefore be reversed. If it should appear on a retrial that no tender of the purchase price was made or that the appellants acquiesced in or assented to the delay, of course they cannot recover, but if a proper tender and demand was made and respondent Colvin refused to perform and was unable to give title, the appellants will be entitled to recover what they paid on the contract, with interest. The measure of damages in other respects is discussed to some extent in the briefs, but this question was not passed upon by the court below, except in a very general way in ruling upon the admissibility of testimony, and there is no definite ruling before us to review.

The judgment is affirmed as to the respondent Parker, and reversed as to the respondent Colvin, with directions to award a new trial as to the latter. Parker will recover his costs against the appellants, and the appellants will recover their costs against the respondent Colvin.

CHADWICK, FULLERTON, MORRIS, and GOSE, JJ., concur.