[No. 8236. Department Two. January 26, 1910.]

J. H. SUTTHOFF, *Respondent*, v. NICOLA MARUCA *et al.*, *Appellants*.[1]

VENDOR AND PURCHASER—RESCISSION BY VENDEE—TENDER OF PRICE —NECESSITY. Where the vendor had no title to part of the land, and was unable to procure title within the time called for by the contract, the vendee may rescind and recover purchase money paid without tender of the unpaid balance due; since a vendor does not have a reasonable time to obtain title.

Appeal from a judgment of the superior court for King county, McCredie, J., entered April 17, 1909, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on contract. Affirmed.

*Blake & Williams*, for appellants.

*Edgar C. Snyder*, for respondent.

CROW, J.—This action was commenced by J. H. Sutthoff against Nicola Maruca, Donatella Maruca, his wife, and James Donofrio, to rescind a contract for the purchase of real estate, and recover, with other damages, $3,000 partial

[1]Reported in 106 Pac. 632.

payments of purchase money theretofore made. On March 21, 1907, one W. A. Sutherland, plaintiff's assignor, entered into a written escrow agreement with the defendants for the purchase of two tracts of land in King county. Deeds for the separate tracts, designated "A" and "B," were deposited with the agreement. The latter deed only is involved in this action. As to it, the escrow agreement, in substance, provided that the defendants should perfect their title and that Sutherland, the vendee, should make the several payments of purchase money on or before December 26, 1907. Shortly thereafter the defendants delivered an abstract of title to Sutherland, which disclosed that they, the vendors, did not have good title, but that the heirs of one Thaddeus Hanford, deceased, held the fee simple title to a strip of land 1.32 feet wide by 165 feet in length, running directly through the premises sought to be conveyed. No title to this strip had been obtained by the defendants on December 28, 1907, and on that date Sutherland, by written notice, rescinded the contract and demanded the return of $3,000 purchase money theretofore paid by him. The trial court, after making findings of fact and conclusions of law, entered judgment in favor of the plaintiff. The defendants have appealed.

Appellants' controlling contention is that the respondent's assignor was not entitled to rescind the contract and recover the partial payments theretofore made by him without tendering to the vendors the remainder of the purchase money, which had become due on December 26, 1907. They insist that, in an action brought to rescind a contract for the sale of real estate, the party who seeks a rescission must either allege and prove performance or tender of performance upon his part, or allege and prove facts showing that such performance or tender of performance would be a vain and useless act. The rule stated is elementary as being applicable to contracts in which final and complete payment of the purchase money and delivery of a deed of conveyance are made concurrent, dependent, and mutual acts, and is sup-

ported by the following cases cited by the appellants: *Under-wood v. Tew*, 7 Wash. 297, 34 Pac. 1100; *Tacoma Water Supply Co. v. Dumermuth*, 51 Wash. 609, 99 Pac. 741; *Christy v. Baiocchi*, 53 Wash. 644, 102 Pac. 752.

It is conceded, however, that the appellants were unable to convey good title on December 28, 1907, when Sutherland notified them of his. election and determination to rescind. At all times subsequent to the making of the escrow agreement in March, 1907, they had failed to procure title, and had Sutherland tendered them all purchase money due on December 28, 1907, it would have been impossible for them to perform the contract on their part by conveying to Sutherland such a good and marketable title as he was entitled to receive. The respondent alleged:

"That defendants failed, refused and neglected to perfect their title to said land, and that at none of the times herein mentioned nor at any time prior to the commencement of this action have they had good and clear title to said land."

Undisputed evidence produced at the trial sustains this allegation. In fact the appellants admit that their title was defective, but insist that, in the absence of any tender of the purchase money by Sutherland, they were entitled to a reasonable time after December 26, 1907, within which to perfect it. There might be some merit in this contention but for the fact that Sutherland elected to, and did, rescind. It being conceded that appellants could not convey good title within the time stipulated in their contract, Sutherland was entitled to rescind without tendering the remainder of the unpaid purchase money. The law does not require the performance of an idle or useless act. In *Walsh v. Colvin*, 53 Wash. 309, 101 Pac. 1085, this court said:

"While a vendor may have a reasonable time in which to prepare and deliver a deed, he does not have a reasonable time in which to acquire title to the property to enable him to perform his contract. If a vendor agrees to convey title at a given time, and has no title when the date for performance arrives, the question of a reasonable time for preparing

a deed does not enter into the case. There is a breach of the agreement to convey for which the purchaser may at once rescind. *Goetz v. Walters,* 34 Minn. 241, 25 N. W. 404; *Gregory v. Christian,* 42 Minn. 304, 44 N. W. 202, 18 Am. St. 507; *Primm v. Wise,* 126 Iowa 528, 102 N. W. 427; *Webb v. Hancher,* 127 Iowa 269, 102 N. W. 1127; *Burks v. Davies,* 85 Cal. 110, 24 Pac. 613, 20 Am. St. 213."

That under such circumstances a rescission may be made and partial payments of purchase money may be recovered, without tendering the entire amount due, see, also, *Holmes v. Holmes,* 12 Barb. 137; *Spaulding v. Fierle,* 86 Hun 17, 33 N. Y. Supp. 402; *Glenn v. Rossler,* 88 Hun 74, 34 N. Y. Supp. 608; *Lawrence v. Taylor,* 5 Hill 107.

In *Holmes v. Holmes, supra,* the court said:

"The obligations of the parties were mutual. The defendant was to convey and assure the title, and the plaintiff was to execute and deliver the mortgage and pay the residue of the purchase money. The covenants are dependent, for the conveyance and the securing and payment of the purchase money were to be simultaneous acts. When there is an existing capacity in the party who is to convey, to give a good title, his obligation is not perfect until the party who is to receive the conveyance produces and offers to pay the purchase money. But where there is the entire absence of a capacity to give a good title, I apprehend no such production and offer is required. What the books denominate a waiver of any of the formalities of a tender, is but the annunciation of the same rule, under another name. . . Unless the law, in regard to contracts for the sale of real property, has come to be a repetition of useless and unmeaning ceremonies, a contracting party who suffers the subject of the contract to be charged with incumbrances of his own creation, or to remain charged with those created by others, in breach of his covenant to assure a good title, as fully and effectually waives and relieves the covenantee from the actual production and offer of the purchase money, as he could do by the use of express words, or by any other means within his power. When he has no title, or his title is defective, at the time when the conveyance is to be made, any condition precedent, such as tendering, paying, or securing the purchase money, need not be fulfilled."

Under the facts proven in this case, the respondent's vendor was entitled to rescind without tendering any further payment of the purchase money. The judgment is affirmed.

RUDKIN, C. J., MOUNT, DUNBAR, and PARKER, JJ., concur.