## Myers *v.* Fidelity-Philadelphia Trust Co. et al., Appellants.

*Appeals—Judgment on binding instructions—Evidence.*

1. On appeal from a judgment based on binding instructions, the testimony must be viewed in a light most favorable to the party against whom such instructions were given.

*Vendor and vendee—Contracts—Marketable title—Rescission.*

2. A purchaser of real estate has a right to have a marketable title and is not required to accept anything less.

3. Either party to an agreement for the purchase of real estate has, in the absence of an estoppel, a right to rescind the contract, if the other party is not able to comply with his agreement at the time fixed for settlement in accordance with its terms.

4. The law does not require a party to do a vain thing; hence a tender of performance by the rescinding party is not necessary, if, admittedly, the other was not able to perform at the time of rescission.

Argued May 17, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeals, Nos. 192-9, by defendants, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1923, No. 3675, on verdict for plaintiff, in case of Paul Myers v. Fidelity-Philadelphia Trust Co., trustee under will of Charles B. Hart, deceased, Fidelity-Philadelphia Trust Co. and Thomas Hart, administrators d. b. n. c. t. a. of William H. Hart, Jr., deceased, Ledyard Heckscher, Ethel Hart Heckscher, Thomas Hart, Margaret N. Hart, Fidelity-Philadelphia Trust Co. and Thomas Hart, executors of William B. Hart and Nina J. Hart. Affirmed.

Assumpsit by vendee of real estate to recover deposit money. Before STERN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $11,900. Defendants appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*W. W. Montgomery, Jr.,* with him *C. Russell Phillips* and *William J. Graham,* for appellants.—The contract in effect calls for a good and marketable title to 1717 Walnut Street: Perkinpine v. Hogan, 47 Pa. Superior Ct. 22.

The Act of 1855, P. L. 264, section 6, clearly does not apply: Brock v. Refining Co., 273 Pa. 76.

The burden is on the vendee to prove that the title tendered is not good: Miholajczik v. Conopinsky, 23 Luz. Leg. R. 303; Westfall v. Washlagel, 200 Pa. 181; Pratt v. Eby, 67 Pa. 396.

The Act of 1855, section 6, is a police regulation and all persons are presumed to contract subject thereto. It would cast no cloud on the title if it did apply: Barns v. Wilson, 116 Pa. 303; Cochran v. Zimmerman, 253 Pa. 155; Jackman v. Rosenbaum, 263 Pa. 158; Holden v. Hardy, 169 U. S. 366; Eichel v. Zimmerman, 17 Phila. 290; Schuler v. Blankenburg, 23 Pa. Dist. R. 485; Stewart v. Clark, 2 Pa. D. & C. 717; Com. v. Coal Co., 232 Pa. 141; Cohen v. Baker, 3 Pa. D. & C. 540.

The parties are presumed to have contracted in contemplation of the public easement over the three feet included in the bed of Walnut Street as widened: Patterson v. Arthurs, 9 Watts 152; Memmert v. McKeen, 112 Pa. 315; Keen v. Eaby, 254 Pa. 273.

The vendee was not entitled to rescind the agreement the day after settlement because of the lien of decedent's debts: Fenimore v. Howard, 36 Lancaster L. R. 277;

Smith v. Snyder, 168 Pa. 541; Boswell v. Chalmers, 73 Pa. Superior Ct. 543.

The vendee made no tender of the purchase-money: Boyd v. McCullough, 137 Pa. 7; Irvin v. Bleakley, 67 Pa. 24.

*James R. Wilson,* with him *William J. Wilson,* for appellee.—The opinion of the title company was conclusive as to the title and the agreement does not simply call for a good and marketable title determinable by a court of law: Perkinpine v. Hogan, 47 Pa. Superior Ct. 22.

The Act of 1855, section 6, applies to the property in question.

The Act of 1855, section 6, is not a police regulation, and, in any event, is an objection to the title if noted by the title company: Evans v. Taylor, 177 Pa. 286; Ritter v. Hill, 282 Pa. 115.

Appellee was not bound to take a title subject to the possible easement in the southernmost three feet: Graybill v. Ruhl, 225 Pa. 417; Evans v. Taylor, 177 Pa. 286; Coues v. Hallahan, 209 Pa. 224; Peoples Saving Bank v. Alexander, 2 Sadler 287.

Vendee was entitled to demand a marketable title and one clear of the objection as to lien of debts on the day of settlement: Mansfield v. Redding, 269 Pa. 357; Boswell v. Chalmers, 73 Pa. Superior Ct. 543.

No tender was necessary by plaintiff: Hampton v. Speckenagle, 9 S. & R. 212; Eberz v. Heisler, 12 Pa. Superior Ct. 388; Hopkins v. Phillips, 76 Pa. Superior Ct. 243.

OPINION BY MR. JUSTICE SIMPSON, June 25, 1927:

This is an action against several joint owners and vendors to recover back the hand money paid to them on an unconsummated agreement for the purchase of real estate. The basis of these eight appeals,—one by each defendant, though a single joint appeal would have

sufficed,—is that the court below erred in giving binding instructions in favor of plaintiff. Under such circumstances, we must, of course, view the testimony in a light most favorable to defendants (Bryan v. Barber Asphalt Co., 289 Pa. 123); but, even when so considered, the judgment should be affirmed.

The agreement provides that settlement is to be made within ninety days; the "title to be such as will be insurable at regular rates by the title insurance companies." A number of objections were noted on the settlement certificate issued by the company, to which application for title insurance was made, but we shall concern ourselves with only one of them, namely, that the property was subject to the "lien of debts not of record of William H. Hart, Jr., deceased."

Defendants' attention was called to this matter at an early date, and, shortly before the time for settlement, their counsel wrote that certain objections, not important here, did not prevent defendants "from giving a marketable title" to the property, and added that "as to the other objections we are prepared to have them removed at the time of settlement......[which], under this agreement, expires on Saturday, August 18, 1923, and they [defendants] are prepared to make settlement at that time."

For some reason, not made clear by the evidence, settlement was not made on the date stated, but, by agreement, was fixed for September 18, 1923. A few days before that time, plaintiff's counsel asked defendants' counsel "How about the lien of decedent's debts?" and the latter replied "I have already made arrangements with the Commonwealth [Title Insurance Company] to get their bond." What the bond was to cover was neither asked nor stated.

At the time of settlement it appeared, however, that the bond was only to protect against loss by reason of these debts, and was not to be an insurance against unmarketability of title because thereof. Much was then

said regarding some of the other objections on the settlement certificate, but little or nothing as to this one, though plaintiff insisted that he must be given a marketable title. The conference broke up without anything definite having been done, and without any later date for settlement being either asked for or fixed. The next day plaintiff rescinded the contract of sale, demanded the return of the hand money he had paid, and later brought the present suit to recover it.

Defendants frankly admit that plaintiff was entitled to have a marketable title, and that, at the time of settlement, they were unable to give it, because of the lien of those debts. They claim, however, that plaintiff had no right to rescind the contract at that time, because (1) he should have given them an opportunity to apply to the orphans' court, under section 9 (k) of the Orphans' Court Act of June 7, 1917, P. L. 363, 372, for leave to sell the property free from the lien of those debts; and (2) he had made no tender of performance on his part. These objections are unavailing.

As to the first, it may be said that defendants did not ask for additional time, and, if they had, plaintiff would not have been required to grant it for an indefinite period. No one could say with certainty that such a proceeding could be successfully prosecuted, and, if it could, how long it would take, and so defendants' counsel admitted at bar, though he optimistically thought it could be completed in a few weeks. When the agreement was made, defendants knew they could not give plaintiff a marketable title, because of the lien of those debts, yet, between then and the date fixed for settlement, covering more than seventeen weeks, they took no steps to free the property from that lien, and at no time did they ask for additional time to enable them so to do. They attempt to excuse this by saying they thought plaintiff would accept the title company's insurance against loss by reason of those debts. If so, it is unfortunate that they did not ask plaintiff or his counsel if he would be

satisfied therewith; but, so far as this record discloses, they never did. The fact that they told his counsel that .they had "already made arrangements with the Commonwealth [Title Insurance Company] to get their bond," did not call upon counsel to object thereto, in the absence of proof, and there was none, that he knew the bond would only insure against loss, and not against unmarketability, from which defendant was entitled to be protected.

Nor is any weight to be given to defendants' objection to the rescission, because of plaintiff's failure to make tender of the balance due under the agreement. To have done so would have been a vain thing, and this the law no more requires in this class of cases than in any other: Bell v. Kennedy, 100 Pa. 215; Durham v. Wick, 210 Pa. 128. At the date fixed for settlement, and at the time of rescission, both parties knew that defendants could not then convey the marketable title which plaintiff was entitled to receive contemporaneously with payment of the balance of the purchase price. Hence, to have tendered this balance would have been for plaintiff to take the money out of his pocket, for the mere pleasure of displaying it and immediately returning it to the place from which it came.

The judgment of the court below is affirmed on each appeal.