HAIGHT v. SALTER.

1. VENDOR AND PURCHASER—WHEN VENDEE ENTITLED TO DEED.
   If conveyance is to be made upon payment, purchaser is entitled to conveyance as soon as purchase price is paid or tendered, or, in case of payment in instalments, upon payment or tender of last instalment.

2. SAME—VENDOR ENTITLED TO REASONABLE TIME ONLY TO CONVEY.
   That person lawfully may contract to sell real estate which he does not own does not extend contract time for delivery of deed, but he must take steps to acquire title in anticipation of his duty to deliver, and is entitled only to reasonable time to execute proper conveyance.

3. SAME—FAILURE TO CONVEY—RESCISSION.
   Where vendee, after making final payment on land contract, gave vendors 10 days' time in which to make conveyance, and vendors failed to do so, vendee was entitled to rescind and recover purchase price, and he was not bound to accept deed tendered after suit was begun.

Appeal from Wayne; Rathbun (George A.), J., presiding. Submitted June 10, 1932. (Docket No. 73, Calendar No. 36,495.) Decided September 16, 1932.

Assumpsit by John W. Haight against Frank S. Salter and another for recovery of sums paid on a land contract. Judgment for defendants. Plaintiff appeals. Reversed, and judgment ordered entered for plaintiff.

*Augustus C. Troden,* for plaintiff.

*Bulkley, Ledyard, Dickinson & Wright (Edgar C. Howbert* and *Robert W. Conder,* of counsel), for defendants.

FEAD, J.  Plaintiff was vendee, by assignment, of land contract dated January 30, 1924, executed by defendants as vendors, and in which they represented that they owned the land.  In fact, they were contract purchasers from Coe, who had mortgaged the premises to Smitherman.

The contract required the vendors to execute and deliver to the vendee a warranty deed, free from incumbrances except those arising from vendee's acts or default, on receiving payment in full and surrender of the contract.

The contract payments of $7 per month were made with unusual, although not strict, regularity, only one payment not being made on the precise due date in the last two years and over of the life of the contract.  It was fully paid November 6, 1930, to defendants' agent, and with it written demand for deed was made.

Plaintiff claims he telephoned defendants' office in December and was promised a deed in a short time.  February 25, 1931, he called at defendants' office, tendered the contract, and demanded a deed.  The employee in charge said no application for a deed had reached the files, a new one was executed, and plaintiff granted defendants 10 days for delivery.  By registered letter of the same date he made formal demand for deed within 10 days.  On March 11th, he called again and talked with defendant Salter, who wanted further time for delivery, which plaintiff refused to grant, but tendered his contract and demanded return of his money.  On the same day, plaintiff wrote defendants, declaring the contract breached, and making demand for his money within 48 hours.

March 20, 1931, he commenced this suit to recover the purchase price he had paid.  Defendants had judgment on trial before the court.

Defendants' excuse for failure to deliver the deed revolves around the facts that Coe had title; that Smitherman, the mortgagee, had died in 1929 and his estate was in probate; and that Smitherman's sole heir had lately died and probate of his estate had just begun. Defendants said they were willing to pay the $100 necessary to release the premises from the mortgage, but because of the deaths there was no one to execute the release. May 21, 1931, after suit was begun, Coe conveyed to defendants, and they prepared and tendered a deed to plaintiff, which was refused. September 19th, the mortgage lien was released by the executor of the Smitherman estate.

Defendants rely on *Cossett* v. *O'Riley,* 160 Mich. 101, which involved the right of a vendor who had tendered a deed to correct defects in the title as soon as they were pointed out by vendee. Obviously, the case is not in point, as we are here confronted by the refusal or inability of vendors to execute a deed at the time provided in the contract.

"If the conveyance is to be made upon payment the purchaser is entitled to a conveyance as soon as the purchase-price is paid or tendered, or in case of payment in instalments upon payment or tender of the last instalment." 39 Cyc. p. 1327.

The fact that a person lawfully may contract to sell real estate which he does not own does not extend the contract time for delivery of a deed. He must take steps to acquire title in anticipation of his duty to deliver. After payment of the contract price, the vendor is not entitled to time to make title. He is entitled only to a reasonable time to execute the proper conveyance. 39 Cyc. p. 1326 *et seq.;* 27 R. C. L. 524. This duty and right of vendor may be modified by circumstances, but there are none at bar to change the terms of the contract.

Defendants represented themselves to be the own-ers of the property. The payments were made with such regularity that they were in duty bound to antic-ipate final payment and prepare for the delivery of the deed. The 10 days granted by plaintiff were ample to enable vendors to make conveyance. They not having done so, plaintiff was entitled to rescind and to recover the purchase price.

Aside from the strict legal duty, defendants did not make a showing of reasonable diligence in at-tempting to deliver a deed. A discharge of the mortgage could have been obtained from the execu-tor of the mortgagee's estate. 3 Comp. Laws 1929, §§ 13318, 15664, 15665. They did not show tender of the amount due nor demand for release within 10-day period allowed by plaintiff. Their offer to give plaintiff a guaranty that deed would be forthcoming was of no consequence. Plaintiff was not obliged to accept a departure from the contract.

Judgment will be reversed, and the cause re-manded for entry of judgment in favor of plaintiff, with costs of both courts.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.