[Civ. No. 11785. Second Appellate District, Division One.—June 26, 1939.]

LENNA E. DARR, Respondent, v. CLEVELIN REALTY CORPORATION (a Corporation), Appellant.

John L. Fleming and Robert M. Miller for Appellant.

Ben W. McLendon and Elmer B. Liehammer for Respondent.

WHITE, J.—The defendant, Clevelin Realty Corporation, has appealed from a judgment canceling an agreement between it and plaintiff for the purchase by the latter from the former of certain real property and directing the return by defendant to plaintiff of the sum of $884.55 paid defendant as purchase money on account of and pursuant to said agreement.

The facts disclosed by the record are as follows: Defendant corporation was the owner of a residential subdivision adjacent to Lake Elsinore in Riverside County. On September 7, 1933, in Los Angeles County, plaintiff and defendant entered into a written contract under the terms of which defendant agreed to sell and convey to plaintiff two lots in said subdivision and plaintiff agreed to purchase the same, paying therefor in monthly instalments. On July 13, 1935, after plaintiff had completed the payments under the agreement, defendant executed and delivered to plaintiff a grant deed to the property in question. It appears, however, that on the date defendant executed the last-named grant deed to plaintiff, the former was not the owner of the property in question, having divested itself of ownership thereof on September 29, 1934, when it deeded said property to Great Coastal Oil Company, a subsidiary corporation of defendant. Discovering these facts, the plaintiff, on April 26, 1937, served upon defendant a notice of rescission, coupled with an offer to return to defendant every-

thing of value received under the contract, and demanding from defendant a return of the purchase money. Four days later, on April 30, 1937, plaintiff commenced this action. On the day of the trial, plaintiff in open court offered to defendant a quitclaim deed of the property in question, while defendant corporation offered to plaintiff an unlimited certificate of title executed by the United Title Guaranty Company of Riverside, California, showing the title to the lots in question to be then vested in the plaintiff. In this connection, it should be said that on May 29, 1937, defendant procured from its subsidiary corporation a deed to the lots, which deed recites:

"This deed is executed and delivered by the grantor and accepted by the grantee for the purpose of vesting title to the premises herein described in the said grantee herein, free and clear of any and all exceptions and/or reservations contained in that certain deed from the Clevelin Realty Corporation to the Great Coastal Oil Corporation, dated and recorded on the 29th day of September, 1934, in Book 196 at Page 81 of Official Records of Riverside County, California, and in that certain deed from the Great Coastal Oil Corporation to Clevelin Realty Corporation, dated the 30th day of April, 1937, and recorded on the 14th day of May, 1937, in Book 320 Page 594 of Official Records, Riverside County, California, it being the intention to vest in the grantee herein title to said premises including all mineral, oil, gas and other hydro-carbon substances, in, upon or under said land, and to cancel any and all exceptions and/or reservations contained in the deeds herein mentioned.

"*This deed is given for the reason that the premises herein described was by inadvertence and mistake included in the real property description contained in said deed recorded in said* Book 196 at Page 81." (Emphasis added.)

Appellant's first ground of appeal is that the trial court erred in overruling its objection to the introduction of any evidence on the ground that the complaint merely averred that during the life of the contract defendant vendor conveyed the property to a third person and did not allege any further facts to show that the vendee's rights were not protected. Appellant's claim in this regard cannot be sustained. The complaint alleged that at the time defendant corporation executed the grant deed to plaintiff "said purported conveyance was

not and is not now and never was valid or of any force or effect, nor was defendant then or is defendant now able to make any valid or legal conveyance of said premises to this plaintiff, or at all, for the reason that said premises and the whole thereof were on September 29, 1934, conveyed to Great Coastal Oil Company, a corporation, who ever since has been and now is the owner thereof, and that by reason of the aforesaid former conveyance by defendant of said real property to the said Great Coastal Oil Company, a corporation, as aforesaid, which said conveyance is now in full force and effect, the said purported conveyance to plaintiff herein of said real property is ineffectual for any purpose and conveys nothing to this plaintiff''.

These averments were sufficient to set up a cause of action based on the right of a vendee to receive from the vendor a good title at the time fixed in the contract. The defendant owned the land at the time it contracted to convey the same to plaintiff. ■ Conceding that a person may lawfully contract to sell real estate which he does not own (*Lemle* v. *Barry,* 181 Cal. 6 [183 Pac. 148]), and by the same token may divest himself of the ownership of land which he contracts to sell during the executory period of the contract as defendant here did, nevertheless it is firmly established as the law that such grantor is in default when the vendee has performed his part of the contract and made demand for his title which the vendor is unable to furnish. (*Hanson* v. *Fox,* 155 Cal. 106 [99 Pac. 489, 132 Am. St. Rep. 72, 20 L. R. A. (N. S.) 338].) The complaint sufficiently alleged the inability of defendant to deliver title to the property at the time called for by the contract because it had theretofore conveyed the land in question and was not then the owner thereof. Cases cited by appellant relate to defaults allegedly occurring during the executory period of the contract and before performance by the vendor was due or required. The decisions are uniform in holding that after payment of the contract price the vendor is not entitled to any more than a reasonable time in which to execute the proper conveyance. (*Haight* v. *Salter,* 260 Mich. 6 [244 N. W. 209]; *Myers* v. *Fidelity-Philadelphia Trust Co.,* 290 Pa. 283 [138 Atl. 834]; *Ellwood* v. *Niedermeyer,* 12 Cal. App. (2d) 699 [56 Pac. (2d) 279].) The complaint in the instant case specifically alleged that on the date when a conveyance was due from defendant the latter

was unable to furnish the same, and that such inability continued up to the time notice of rescission was served and legal action instituted—a period of approximately twenty-one months.

█ Appellant insists that the evidence clearly and decisively shows that the deed from appellant to its subsidiary corporation, Great Coastal Oil Company, was the result of a mutual mistake on the part of the grantor and grantee in such deed, and that there never existed any intention on the part of the grantor therein to convey away the two lots it had contracted to sell to respondent. Be that as it may, time was of the essence of the contract between appellant and respondent, and by its terms appellant was required to furnish to respondent as grantee a policy of title insurance when such grantee completed her contractual payments. Had appellant complied with this requirement contained in the agreement, its non-ownership of the property in question would have been disclosed. We are impressed with the fact that the conduct of appellant warranted the finding by the trial court that its transfer of the lots in question to its subsidiary corporation was not inadvertent.

█ Appellant's claim that the complaint is fatally defective because it does not allege tender of performance and a demand for a deed by the vendee, or in lieu thereof allege facts showing that such demand would be useless, is without merit. That appellant had knowledge of the fact that a deed was due is evidenced by its action in executing and delivering a purported deed under date of July 30, 1935, and by its letter to respondent under date of August 8, 1935, transmitting such deed to the latter. Appellant's default was created by its failure to anticipate its obligation to acquire ownership of the property it had bargained to sell to respondent, and its not being prepared to deliver a deed that would in fact vest in respondent title to the property. Respondent was entitled to rest upon the provisions of the contract. In determining her rights, we must only consider the title as it existed at the time fixed for the performance of the contract and the delivery of the conveyance. Therefore, where, as here, the complaint alleges that on the performance date title was not vested in the grantor and that it did not exist in such grantor for nearly two years after the date fixed in the contract for the execution and delivery of the deed, the pleading is not

subject to the last-named criticism directed at it by appellant. As was said in *Walsh* v. *Colvin,* 53 Wash. 309 [101 Pac. 1085], "While a vendor may have a reasonable time in which to prepare and deliver a deed, he does not have a reasonable time in which to acquire title to the property to enable him to perform his contract. If a vendor agrees to convey title at a given time and has no title when the date for performance arrives, the question of a reasonable time for preparing a deed does not enter into the case. It is a breach of the agreement to convey for which the purchaser may at once rescind." Appellant at its peril divested itself of title to the property which it had contracted to sell. Its default was occasioned by its failure to place itself in a position where it could carry out on the performance date the contract it had made.

It is next contended by appellant that because the grantee accepted a deed from the grantor in execution of the contract, the former cannot sue in rescission, but is relegated to an action on the deed and not upon the agreement. The fallacy in appellant's argument in this regard lies in the fact that the purported deed conveyed nothing. It was but a scrap of paper, because appellant was bereft of any interest whatever in the land it pretended to convey. The rule contended for by appellant would be applicable if *some* title, though an infirm or defective title, had been conveyed by the deed in question. Confronted with such infirmities or defects in the title, the grantee would have been limited to the covenants in her deed, but where, as in the instant case, the grantor has no interest whatever in the property sought to be conveyed, there was no execution of the contract by such grantor, nor any merger of the contract in such a deed, and the grantee's case depended upon the agreement, for the violation of which she was authorized to rescind. (Civ. Code, sec. 1689, subds. 2, 3 and 4.)

What we have heretofore said with reference to the duty resting upon appellant to acquire ownership of the property and be prepared to execute a valid deed thereto on the performance date provided for in the agreement to sell, is a complete answer to appellant's final claim that because at the time of the trial it was prepared to and actually had conveyed the property to respondent, the latter suffered no damage and was not entitled to relief on the ground of failure of title. The court was warranted in believing that as

early as January 28, 1937, when appellant wrote respondent to come to the former's office and bring her deed to the property, as appellant "would like to check same with our office records", that appellant was aware of some irregularity in the conveyance to respondent. The weight and intrinsic value of this and other evidence supporting respondent's claims, as well as the credibility of the witnesses who testified in the case, were all matters for determination by the trial court, and under familiar rules, such determination cannot be disturbed on appeal unless we can say as a matter of law that there was no substantial evidence in the record to support the findings of the trier of facts. No such stricture can be imputed to respondent's evidence in the case before us.

The attempted appeal from the order denying the motion for a new trial is dismissed.

For the foregoing reasons the judgment is affirmed.

York, P. J., and Doran, J., concurred.