MARGARET GOETZ *vs.* J. A. WALTERS.

November 7, 1885.

**Contract for Purchase of Real Property.**—A particular contract construed.

The plaintiff brought this action in the district court for Hennepin county, to recover the sum of $300 paid to defendant on the agreement for the purchase of a house and lot recited in the opinion. The complaint alleges that defendant has never been the owner of the premises agreed to be conveyed. The answer alleges, among other things, that on May 15, 1884, the plaintiff repudiated and expressly refused to be bound by the agreement, admits that defendant did not own the premises till May 31, 1884, and alleges readiness and willingness to perform. Judgment on the pleadings was directed for plaintiff, and defendant appeals therefrom.

*C. J. Rockwood*, for appellant.

*Albert F. Foster*, for respondent.

GILFILLAN, C. J.   Plaintiff paid defendant $300 upon a contract for the purchase of real estate, and received from him a memorandum setting forth the terms of the contract as follows:

"MINNEAPOLIS, May 1, 1884.

"Received of Margaret Goetz three hundred dollars as earnest-money and in part-payment for the purchase of house and lot No. 1505, 25th St. S., lot 29½x116, which I have this day sold and agree to convey to said Margaret Goetz for the sum of twenty-one hundred dollars, on terms as follows, viz.:   Three hundred dollars this day, and five hundred dollars within thirty days; a mortgage to be given on or before three years, at 8 per cent. interest for nine hundred dollars; also horse and buggy, valued at four hundred dollars.   And it is agreed that if the title to said premises is not good, this agreement shall be void, and the above three hundred dollars refunded; but if the title to said premises is good, and the property is not taken on the above terms, the said three hundred dollars to be forfeited.

"J. A. WALTERS, Owner."

The suit is to recover back the three hundred dollars.

At the time of executing the contract the defendant had no title to the property, but procured it May 31st, three days after the suit was commenced.   The court below rendered judgment for plaintiff on the pleadings, on what ground the record does not disclose.   Here the case is argued on the meaning of the words "and it is agreed that if the title to said premises is not good;" the appellant arguing that they refer to the time when the conveyance was to be made; the respondent, that they refer to the date of the contract for purchase. As we construe the contract, giving either meaning to the words will make no practical difference so far as concerns this suit.   Assume that the words refer to the time for executing the conveyance, clearly that was to be executed whenever, within the time specified, to wit, 30 days, the plaintiff should pay the $500 and deliver the horse and buggy.   Within that time it was for the plaintiff, and not the defendant, to determine when performance should be required.   She could

have called for a conveyance within an hour after the contract was executed; her right to do so being subject only to the condition that she make the payments. Upon such a call he would have been entitled to no more time than was reasonably necessary for the execution of the papers. He was bound to be prepared at all times within the 30 days to convey a good title. And whenever within that time she should ascertain that he had no title, so that it was impossible for him to make a conveyance, she could at once avoid the contract without going to the useless trouble of tendering payment and calling on him to convey. The answer admits that she did so on May 15th. Thereupon it was the duty of defendant to repay to her the $300. Judgment was rightly ordered for plaintiff, and it is affirmed.