SARAH BENEDICT *vs.* JOHN E. WILLIAMS.

July 3, 1888.

Vendor and Purchaser — Construction of Contract—Time to Perfect Title.—In a contract for the sale of real estate was this clause, "a reasonable time to be allowed said owner to perfect the title, should defects be found by said purchaser." *Held*, that this did not give the vendor a reasonable time in which to obtain a title if he had none.

Appeal by plaintiff from a judgment of the municipal court of St. Paul.

*C. H. Fauntleroy* and *H. L. Williams*, for appellant.

*Rogers, Hadley & Selmes*, for respondent.

GILFILLAN, C. J.   Plaintiff paid defendant $100 as earnest-money upon a contract executed by him to her for the sale and conveyance by him to her of a certain piece of real estate.   Upon the examination by plaintiff of an abstract of title, it appeared that one Fairchild owned the real estate.   Plaintiff informed defendant of this, and he admitted that Fairchild owned the real estate, and did not claim he had any title to or interest in it.   Plaintiff then declared the contract at an end, and demanded that he repay the said earnest-money, which he refused to do.   So far, the case is not different from *Goetz* v.*Walters*, 34 Minn. 241, (25 N. W. Rep. 404,) in which it was held that, when the purchaser ascertained that the vendor had no title, she could at once avoid the contract, and demand and recover the earnest-money.   But the respondent claims that a clause in the contract here, there being no similar clause in the *Goetz Case*, distinguishes this case from that.   The clause is, "a reasonable time to be allowed said owner to perfect the title, should defects be found by said purchaser."   The respondent claims from this that, if the purchaser found the vendor had no title, the latter was to have a reasonable time in which to procure one, and that until such reasonable time had elapsed the purchaser could not avoid the contract.   That is not a fair construction of the clause.   The contract was made on the theory that defendant was the owner; it designates him as owner;

and the clause clearly had in mind, not a total want of title, (the contract does not contemplate that,) but such defects as are frequently found in the titles to real estate. It is fair to presume that, if plaintiff had known that defendant was not the owner, she would not have entered into the contract, though she might not be prevented by there being curable defects in his title.

Judgment reversed, and new trial ordered.