Jacob R. Steiner and another *vs.* W. F. Zwickey and another.

October 2, 1889.

Vendor and Purchaser—Right to Conveyance from Vendor.—Z. executed and delivered to S. a written agreement, by which he sold to the latter a certain tract of land, acknowledging a partial payment of the purchase price. He did not in terms expressly agree to convey the land to S., but did stipulate that the form of the conveyance should be a warranty deed. *Held,* that S. was entitled to a conveyance from Z., his vendor.

**Same—Right to Vendor's and not Third Person's Warranty Deed.**
A purchaser of real property, entitled to a warranty deed, is not obliged
to accept the deed of a third party. He has a right to insist upon a con-
veyance from his vendor, and that the title to the premises be perfect in
the vendor at the time of its delivery.

**Same—Findings Sustained by Evidence.**—The testimony in the case at
bar fully justified the findings of fact, and the judgment based there-
on was warranted by the facts as found. Additional findings, demanded
in the court below by the appellants, would not have affected the result
of the action. •

Appeal by defendants, W. F. Zwickey and J. E. Flint, from a judg-
ment of the district court for Ramsey county, where the action was
tried by *Simons,* J. The action was begun October 3, 1887. The
additional findings requested by defendants and referred to in the opin-
ion were to the effect that the defendant Flint, and the Youngmans,
and Hintermister (mentioned in the opinion) were interested with de-
fendant Zwickey in the contract with plaintiffs at the time it was
made, and were also interested with him in his contract of June 17,
1887, with White and Doyle for the land which he agreed to convey to
plaintiffs; that after making his agreement with plaintiffs, and be-
fore performance of the White and Doyle contract, Zwickey parted
with all his interest in the latter contract to the Youngmans, Hinter-
mister and Flint, and on September 12, 1887, transferred his inter-
est therein by quitclaim deed to defendant Flint, to be held by the
latter for himself, the Youngmans and Hintermister; that thereafter
White and Doyle conveyed to Flint, their deed being in fulfilment of
their contract with Zwickey, and Flint conveyed to the Youngmans
and Hintermister; that these transfers were made not for the pur-
pose of defeating Zwickey's agreement with plaintiff, but of carrying
it out, and with the understanding of all parties to the conveyances
that such agreement should be performed by the Youngmans and
Hintermister; that when defendants, on October 6, 1887, tendered
to plaintiff Seiter the deed mentioned in the findings, (and in the opin-
ion,) Zwickey had not failed in performing his agreement with plain-
tiffs, except so far as his transfers and his failing to take title in him-
self from White and Doyle, constituted a failure; that if the agree-

ment could be performed by delivery of the deed of the Youngmans and their wives and Hintermister, the tender of that deed on October 6th was a sufficient compliance with Zwickey's agreement with plaintiffs.

*Young & Lightner*, for appellants.

*W. H. Adams*, for respondents.

COLLINS, J.    The plaintiffs, as copartners in the purchase and sale of the real estate and equitable interests herein involved, having equal shares therein, brought this action to compel a reconveyance of the fee of one parcel of the land from defendant Flint, and an assignment or transfer of an equitable right or interest in the other parcel from the defendant Zwickey.    These defendants had obtained the title in fee to one tract, and an equitable right in the other, valued together at $1,075, in part-payment for other real estate, which defendant Zwickey had by a contract in writing, of date July 18, 1887, sold to plaintiff Seiter for the agreed price of $6,000, and in which, as part-payment, he had acknowledged the receipt of the sum of $1,075.    By it the real estate therein sold was to be conveyed by warranty deed upon certain terms as to deferred payments, within 60 days from its date, time being made of its essence.    The findings of fact show, and it was admitted at the trial, that the defendant Zwickey never had title to the premises which he sold; his only interest being a contract of purchase from the owners thereof, bearing date June 17, 1887, and maturing 90 days thereafter; and that on the 1st day of October of that year the owners in fee of said property—being the same persons executing and delivering the contract to Zwickey of date June 17th—duly conveyed said property to C. W. Youngman, F. W. Youngman, and J. H. Hintermister, in whom a perfect title then vested, and has ever since remained.    It further appears from the findings that plaintiffs have tendered performance of all terms and conditions imposed upon them under the Zwickey contract, but that he has failed and refused upon his part.    That three days after the commencement of this action these defendants tendered to the plaintiff Seiter a warranty deed of said premises, in which the parties before mentioned, C. W. Youngman, F. W. Youngman, and their wives, and J. H.

Hintermister, unmarried, were grantors, and said Seiter grantee, and demanded of him payment of the balance of the purchase price, as stipulated in the contract, which deed, when recorded, would have vested in him a perfect title to the property. This was refused, on the ground that it was not the conveyance he was entitled to.

The findings of fact are justified by the testimony, although this is not conceded by the appellants. They also contend—*First,* that, in response to a motion for that purpose, the trial court should have found and filed additional facts; and, *secondly,* that the judgment as entered was not warranted by the findings. It is true that in Zwickey's contract there was no express provision that he would convey. But he sold the property, and stipulated that the conveyance should be a warranty deed. This imposed upon him the duty of making and delivering his own deed, not that of another person. Seiter's contract was with Zwickey, not with the parties who, subsequent to his default, after he had refused to convey and this action had been commenced, intruded themselves into the transaction, and tendered their deed. They were strangers to the contract under which plaintiffs acquired their rights, and by the terms of which all parties thereto were bound. Under his contract Seiter was entitled to a deed containing the personal covenants of his vendor, and with a perfect title of record in him at the time of the delivery. He could refuse to accept the warranty of a third party, for the value of the covenants depended upon the responsibility of the covenantor. Upon Zwickey's refusal to execute and deliver the deed stipulated for, plaintiffs' right to rescind matured. *Hussey* v. *Roquemore,* 27 Ala. 281; *Bigler* v. *Morgan,* 77 N. Y. 312. This being the law, the appellants would not have been aided had the trial court yielded to their request, and added to or amended the facts as found, so as to have included those demanded, and which may have been established by the testimony. It was wholly immaterial that the parties named in the deed tendered to Seiter were actually interested with Zwickey in his contract of purchase dated June 17th, and in the one made later, upon which the plaintiffs paid in property the sum of $1,075; and it was equally as immaterial that on September 12th, before Zwickey made default, he transferred his interest in both contracts and in the property to defend-

ant Flint, in trust for said parties.    The reasons for so holding fully appear *supra.*

Judgment affirmed.