WILLIAM R. GREGORY vs. E. M. CHRISTIAN.

January 9, 1890.

Vendor and Purchaser—Demand of Deed—Obligation of Vendor.—At law, without considering what relief may be regarded in equity upon a proper showing, a vendor of real property, who has contracted that, if the vendee strictly performs on his part, he will thereafter, on demand, convey the property by good and sufficient deed in fee-simple, must have a perfect title when such demand is made.

Same—Preparing Deed—Perfecting Title.—The vendor is entitled to a reasonable time after demand in which to prepare and deliver the conveyance, but not reasonable time within which to complete and make good a defective title.

Appeal by defendant from an order of the district court for Hennepin county, *Rea, J.,* presiding, refusing a new trial after verdict of $3,182 for plaintiff.

*C. H. Benton,* for appellant.

*Brooks & Hendrix* and *A. J. Shores,* for respondent.

COLLINS, J.   March 23, 1887, defendant and one Laura A. Wilson made and entered into a written contract, whereby the latter sold and agreed to convey certain real property for the sum of $5,000, of which $500 was paid down.   The defendant was to pay the further sum of $2,000, and to execute and deliver his note for the remainder, ($2,500,) properly secured by mortgage, within 10 days.   Upon strict compliance with these terms as to payment and security, Mrs. Wilson on her part agreed, *on demand thereafter,* to convey the property to defendant, or his legal representative, by good and sufficient deed and in fee-simple.   The next day defendant sold his interest in the

contract for the sum of $3,500 to this plaintiff, transferring and delivering the same, with an assignment written thereon, as follows: "I, E. M. Christian, in consideration of thirty hundred dollars, ($3,-000,) to me in hand paid, the receipt whereof is hereby acknowledged, do hereby assign, transfer, and set over to W. R. Gregory all my right, title, and interest in and to the foregoing contract and the land therein described. Money to be refunded if title to said land proves to be not good. E. M. CHRISTIAN." The plaintiff thereafter procured from Mrs. Wilson an extension of time within which to fulfil on his part, until April 12th. On that day he tendered performance, and demanded a conveyance as stipulated for. A deed, good in form, was tendered by Mrs. W., but plaintiff refused to accept it, alleging that her title was defective. Subsequently he brought this action to recover the amount of money mentioned in the assignment, upon the ground that Mrs. Wilson's title to the premises was not good when she executed the contract of sale, and had not been made so up to the time of the commencement of the action. The alleged defects in the title were specifically set forth in plaintiff's complaint, all of which were put in issue by the answer. The latter pleading also contained an allegation that Mrs. W. had been the owner of the premises for many years, and that she had been and remained ready, willing, and able to convey the same, as stipulated in her contract. The plaintiff obtained a verdict, and from an order denying his motion for a new trial defendant appeals.

The order must be affirmed. It stands admitted that when Mrs. Wilson entered into the contract, and at the time she offered to convey, she was not the owner of the property, although she supposed her title to be perfect. Further, and without considering plaintiff's contention that there are several defects in the deeds whereby Mrs. Wilson claims to have acquired title to the greater part of the property, it is undisputed that an outstanding adverse interest therein, held and owned by a person who did not attain her majority until February 6, 1888, was not secured by Mrs. W. until nearly 13 months subsequent to the commencement of this action, just the week before its trial. When the defendant contracted with plaintiff to return the sum named as a consideration for the assign-

v.42m—20

ment, if the vendor's title to the premises should prove not good, the title was confessedly imperfect, and so remained when plaintiff demanded and was entitled to a deed. This same state of affairs continued for more than one year after plaintiff brought this action; in fact, the person in whom was vested the adverse interest had no legal capacity to convey until February 6, 1888. The plaintiff succeeded to defendant's rights under the contract of purchase, and, as the vendee, was bound to a prompt and strict performance of its conditions. It was incumbent on him to be ready with his money, and to be prepared to give his security, on the day named for the completion of the sale. By the express terms of the writing he forfeited to the vendor all previous payments by failing to pay and secure at the appointed time. The obligation also rested upon the vendor to be prepared, to have a complete title to the premises when the vendee, having complied on his part, demanded a deed. When such demand was made she would be entitled in law to a reasonable time in which to prepare and deliver the conveyance, not reasonable time in which to perfect and make good a defect in her title. *Goetz* v. *Walters*, 34 Minn. 241, (25 N. W. Rep. 404;) *Camp* v. *Morse*, 5 Denio, 161. Imperfections in the title when the contract of sale is made, will prove no ground of objection thereto, if removed before the time fixed for completing the purchase. *Townshend* v. *Goodfellow*, 40 Minn. 312, (41 N. W. Rep. 1056.) At law, the vendor must show a good title by the time appointed for the completion of the sale. The effect of a breach of a contract in this respect is not avoided by his subsequently becoming enabled to comply, even if it be before suit is brought. Leake, Cont. 847. In conclusion upon this point, it may be observed that the defendant herein, in his answer as well as upon the trial, relied upon the strictly legal defence of a perfect and complete title to the premises in Mrs. Wilson when she tendered her deed. If equities existed which might have excused her from strict and seasonable performance, the defendant failed to either plead or prove them. As the vendor was unable to give a good title when demand was made, as well as at the time when defendant entered into the contract to return a part of the money paid by plaintiff should her title prove defective, a right of action accrued immediately.

This disposition of the case renders it unnecessary to consider a number of questions raised and argued by appellant, which have only served to complicate it.

Order affirmed.