Z. H. Austin *vs.* George F. Barnum.

Submitted on briefs Dec. 1, 1892. Decided Dec. 29, 1892.

**Title Rendered Unmarketable by Mortgage Apparently Barred by Statute of Limitation of Actions.**

Although upon the face of the record, the right to foreclose an unsatisfied mortgage appearing in a vendor's claim of title may have been barred by the statute of limitations, a purchaser of the real property covered by such mortgage will not obtain a marketable title,—one free from reasonable doubt. The statutory period within which a foreclosure may be made may have been prolonged by some act of the parties which has operated to prevent the running of the statute against the debt itself.

Appeal by defendant, George F. Barnum, from an order of the District Court of St. Louis County, *Stearns,* J., made October 14, 1891, denying his motion for a new trial.

The plaintiff, Z. H. Austin, on November 10, 1890, agreed to purchase of defendant eighty acres of land in Carlton county, and pay therefor $3,200. Of this sum plaintiff that day paid $320, upon the stipulation between them that it should be returned if defendant should not, within nineteen days thereafter, tender and offer to convey to plaintiff a good and perfect title to the land. If plaintiff failed to perform on his part, the $320 was to be retained by defendant as liquidated damages for plaintiff's failure. On February 20, 1874, one A. M. Barnum, defendant's grantor, owned the land and mortgaged it that day to one J. J. Hull to secure the payment of $1,000, sixty days thereafter. This mortgage was not satisfied of record except by operation of the statute of limitation of actions. On Novem-

ber 29, 1890, plaintiff, after examination of the abstract of the title, told the defendant that the title was all right, and asked an extension of time for one week, in which to pay the balance and complete the purchase. The defendant granted the request, solely for the accommodation of plaintiff. On December 6, 1890, the defendant tendered to plaintiff his warranty deed of the land and demanded the balance of the price. On December 8, 1890, plaintiff notified defendant that the title to the land was not marketable and that he refused to accept the deed, and he demanded a return of his $320. Defendant refused, whereupon plaintiff brought this action to recover it. The trial was had July 2, 1891. Findings were made and judgment ordered for the plaintiff for the $320 and interest. The defendant moved for a new trial. The court denied the motion and defendant appeals.

*Cash & Williams,* for appellant.

The debt, secured by the mortgage, matured on April 24, 1874. It could not be foreclosed by advertisement after April 24, 1889, for Laws 1879, ch. 21, authorizes such foreclosures only if made within fifteen years after the maturity of the debt secured thereby. Under Laws 1870, ch. 60, § 1, in force when the mortgage debt matured, the time within which an action to foreclose could be brought was ten years after the cause of action accrued. By Laws 1887, ch. 69, the statute was amended so as to extend the time within which an action to foreclose a mortgage could be commenced, to fifteen years after the cause of action accrued, and the fifteen years was not to be enlarged or extended by reason of any nonresidence. Therefore after April 24, 1889, no action to foreclose the mortgage could have been maintained. A title depending upon the bar of the statute of limitations may be a marketable title, provided it clearly appears that the entry of the real owner is barred. *Townshend* v. *Goodfellow,* 40 Minn. 312; *Hedderly* v. *Johnson,* 42 Minn. 443; *Richmond* v. *Koenig,* 43 Minn. 480; *Pratt* v. *Ely,* 67 Pa. St. 396.

It is however claimed by plaintiff that disabilities may have existed which prevented or postponed the running of the statute. There is not the slightest evidence that the mortgagee was under any dis-

ability at the time the cause of action accrued. It might as well be asserted that there is no proof that the grantors, through whom the title to the land passed, were not at the time they made their respective conveyances, either infants, insane or otherwise incompetent to make a valid conveyance.

The plaintiff for his own accommodation obtained an extension of the time to close, and when the additional time allowed him had expired, he raised certain other objections to the title. But no objection was then made on the ground of this unsatisfied mortgage. He then made his election and must stand or fall by it. *Young* v. *Collier*, 31 N. J. Eq. 444; *Johnston* v. *Johnson*, 43 Minn. 5.

*Moer & Harris*, for respondent.

In order to find a perfect title in appellant, it is necessary to presume that nothing had occurred to arrest the statute; that partial payments had not been made. A mortgage uncanceled of record is a good objection. *Young* v. *Collier*, 31 N. J. Eq. 444; *Oakey* v. *Cook*, 41 N. J. Eq. 350.

No waiver of the terms of the contract was pleaded and therefore no evidence should have been received thereof.

COLLINS, J. Practically, this case was disposed of by *Carson* v. *Cochran*, *ante*, p. 67, (53 N. W. Rep. 1130,) wherein it was held that a partial payment or an acknowledgment of the debt which would prevent the statute of limitations from running against it would also prevent the statute from running against the remedy on the security. The contract of sale between these parties bore date November 10, 1890, while the mortgage involved was executed and delivered on February 10, 1874, and was recorded about two months later. The abstract of title furnished by appellant vendor omitted to show when the debt matured, but from the record it was disclosed that it fell due sixty days from the date of the mortgage. More than sixteen years had elapsed when appellant contracted to sell, stipulating to convey a good title by warranty deed, and that if, upon examination, his title should be found defective, the money paid by respondent should be returned; the contract becoming inoperative.

Because of the mortgage, which of record was unsatisfied and undischarged, the title was defective, and respondent's right of action accrued. The time for payment of the debt may have been extended by agreement of the parties, or partial payments may have been made, operating to prevent the running of the statute of limitations against the mortgage security, thus keeping it still alive. The error of counsel lies in assuming that the period of time within which a mortgage may be foreclosed under our statutes commences to run, without qualification or exception, on the day the debt secured thereby matures. The respondent was entitled to a marketable title; one clearly shown to be good; one free from reasonable doubt. Thus, it is said that a title depending upon the bar of the statute of limitations may be a marketable title, providing it clearly appears that the entry of the real owner is barred. *Pratt* v. *Eby*, 67 Pa. St. 396, cited with approval in *Townshend* v. *Goodfellow*, 40 Minn. 312, (41 N. W. Rep. 1056.) Therefore, if it be claimed that the right to foreclose is barred by the statute of limitations, it should clearly appear, at least, that the time prescribed by statute has not been prolonged by some act of the parties which has operated to prevent the running of the statute against the debt itself.

Conceding that the finding in respect to the statement of the respondent concerning the satisfactory character of the abstract was supported by competent testimony, we fail to see how he thereby waived his right to insist upon a perfect title.

Order affirmed.

(Opinion published 53 N. W. Rep. 1132.)