DULUTH LOAN & LAND CO. *vs.* SIMON KLOVDAHL *et al.*

Argued Oct. 16, 1893. Affirmed Nov. 29, 1893.

No. 8290.

**Defense to vendor's action for an intermediate installment of the purchase price.**

It is no defense to an action for the recovery of an installment, due from the vendee in a contract for the purchase of land that the same is incumbered, if such incumbrance may be removed by the vendor before the time fixed for the execution of the deed.

**Answer construed.**

The allegations in the answer herein *held* insufficient to show the insolvency of the vendors, or that the title of the land in question will not be marketable when the vendees, by the terms of the contract, shall be entitled to a deed.

Appeal by defendants, Simon Klovdahl and William Carlson, from a judgment of the District Court of St. Louis County, O. P. *Stearns,* J., entered September 23, 1892, against them for $1,360.86.

The plaintiff, the Duluth Land and Loan Company, a corporation, brought this action upon six different contracts made by it with defendants April 14, 1891, in each of which it covenanted to convey to defendants with warranty two separate lots in Watson's Addi-

tion to South Superior, Wisconsin (in all twelve lots), on being paid
in full therefor. The defendants covenanted in and by each con-
tract to pay it $500, as follows, $125 on that date, $184.34 in one year,.
and $187.66 in two years thereafter (in all $3,000), with interest an-
nually until paid at the rate of eight per cent. a year. They also
covenanted in each contract to pay all taxes and assessments and in
case of its foreclosure to pay $50 attorney's fees. The complaint
stated that the interest and installments falling due on April 14,
1892, had not been paid and prayed judgment for $1,305 and interest.
from the last mentioned date, with costs and disbursements.

Defendants answered that all the lots were incumbered with
mortgages, that they had depreciated in value, and that defendants.
would not be safe in paying the sums due, that they had no knowl-
edge that plaintiff was sound financially and were informed and
believed that plaintiff would not be able to convey the lots free from
incumbrance when the last payments should mature and that the
stipulation for attorney's fees rendered each of the six contracts void
for usury, and demanded that they be so adjudged, and if not, then
that plaintiff be required to free the lots from all incumbrance be-
fore having judgment for the past due installments.

Plaintiff on notice moved the Court for judgment on the pleadings,.
and it was granted. Judgment being entered, defendants appeal.

*George L. Spangler*, for appellants.

*Pealer & Titus*, for respondent.

VANDERBURGH, J.   This action is brought for the recovery of the·
second installment upon each of the certain land contracts set forth.
in the complaint, which became due on the 14th day of April, 1892.
By the terms of the contract, the third and last installment would
fall due on the 14th day of April, 1893. The plaintiff, vendor, cove-
nanted therein that upon full performance by the defendant, in-·
cluding the payment of all the installments of the purchase money
as agreed, it would convey the lands therein described to the defend-·
ant, party of the second part, by a good and sufficient deed, etc.

The fact that the lands are incumbered, or the title otherwise im-
perfect, when the contract is made, or at any time before the date
fixed for its completion, will not, alone, constitute a defense to an
action for the recovery of an installment falling due at any earlier

date, or a ground for a rescission of the contract, since such incumbrance or other defect may be removed within the time fixed for the completion of the purchase. *Townshend* **v.** *Goodfellow,* 40 Minn. 314, (41 N. W. Rep. 1056.)

If, at the time when, by the terms of the contract, plaintiff is required to execute a deed, the title is unmarketable, the defendant will not be required to take it, but may then rescind, and recover back the installments already paid, or may recoup or recover damages, as the nature of the case may warrant. *Moore* v. *Williams,* 115 N. Y. 586, (22 N. E. Rep. 233.)

In this instance, however, the defendant claims that it would be unsafe to make payment of the installment sued on, because of the incumbrances on the property, and the insolvency of the plaintiff, and insists that the court should interpose in his behalf for this reason.

It is enough, however, to say, in respect to the allegations in the answer, that they are entirely insufficient to support any such claim. There is no sufficient averment of the insolvency of the plaintiff, but it is alleged, generally, that the lands are covered with mortgages; but the amount of the incumbrance is not shown, and it does not appear that it is greater than that of the last installment, nor is it made to appear, from any allegations of fact in the answer, that the defendant may not seasonably remove the same.

The contract provides for a charge of $50 for attorney's fees in case the contract is foreclosed by the plaintiff. Whether the court will allow this sum as additional costs in such an action, if it should be prosecuted, we need not determine here. But it does not make the contract usurious on its face. It is not presumptively a contract to pay this sum for the use or forbearance of money. Such stipulations have never been so treated in this state. *Johnston Harv. Co.* v. *Clark,* 30 Minn. 311, (15 N. W. Rep. 252;) *Bank of Benson* v. *Hove,* 45 Minn. 42, (47 N. W. Rep. 449.) And there is nothing in the answer tending to show that it was intended as a cover for usurious interest.

The answer was clearly insufficient, and the judgment must be affirmed.

(Opinion published 56 N. W. Rep. 1119.)

Application for reargument denied December 13, 1893.