LEWIS BUSWELL and Another v. O. W. KERR COMPANY.[1]

November 18, 1910.

Nos. 16,707—(22).

**Sale of land — construction of contract.**
The contract involved in this action required the vendor to furnish to the

[1] Reported in 128 N. W. 459.

vendee, within a reasonable time, an abstract of title which should show upon its face that the vendor possessed a good title of record.

### Same — abstract of title — conveyance from third person.

Where a vendor is under contract to execute and deliver a deed with covenants of warranty, the vendee is not bound to accept the deed of a third party, although the real owner. The abstract furnished by the vendor, pursuant to the agreement, was not in compliance with the contract, for the reason that the land was incumbered with certain vendors' liens and showed upon its face that a third party was possessed of the record title.

### Defect in title — notice was within reasonable time.

Appellant was notified, within a reasonable time, that respondents objected to the title, conceding that such notice was required under the terms of the contract.

### Marketable title — attorney's opinion.

In general, the opinion of an attorney will not be received in evidence upon the question whether a certain title is or is not marketable; but, when it appears that all of the facts upon which the opinion was based are before the court, the admission of the opinion is not necessarily prejudicial error.

Action in the district court for Hennepin county to recover $1,-934.40 paid by plaintiffs to defendant upon a contract to sell certain land to plaintiffs. The contract is given in the opinion. The complaint, inter alia, alleged that defendant was a foreign corporation in Wisconsin and had not procured the statutory license to do business in that state; that under the decisions of the supreme court of that state the making of such contract constituted transacting business, and such contract made before compliance with the Wisconsin statutes is nonenforceable by such corporations but enforceable against them. The answer admitted the execution of the contract, but denied that defendant was to furnish plaintiffs an abstract of defendant's title to the property mentioned; alleged that the abstract disclosed a good and perfect title to the land; admitted that defendant was not licensed or authorized to carry on business within the boundaries of the state of Wisconsin; denied that by reason of defendant's failure to comply with the Wisconsin statutes and to procure a license to transact business within that state, the contract was wholly void, and alleged that the contract did not affect the

personal liability of defendant and did not relate to property within the state of Wisconsin. The reply was a general denial.

The case was tried before John Day Smith, J., who made findings of fact as stated in the opinion, and in addition found that by reason of not having a license to enter into a contract affecting its personal liability, or to transact business in Wisconsin, the contract in question was absolutely void, and as conclusion of law found that plaintiffs were entitled to judgment in their favor for the sum demanded. From an order denying defendant's motion for a new trial, it appealed. Affirmed.

*Koon, Whelan & Hempstead,* for appellant.

*Brown, Abbott & Somsen* and *Jesse E. Higbee,* for respondents.

LEWIS, J.

Respondents brought this action to recover the amount of the first payment made under a contract for the purchase of certain real estate, upon the ground that appellant had failed to furnish an abstract showing good title in appellant. The land was situated in the state of Texas. Respondents were residents of the state of Wisconsin, and appellant was a corporation organized under the laws of the state of Minnesota, doing business in the city of Minneapolis, Minnesota. The contract was executed in Wisconsin on March 30, 1908, and is as follows:

"Contract for Sale of Real Estate.

"Kendall, Wis., 3/30, 1908.

"Received of Buswell Bros. nineteen hundred and twenty dollars in the form of a note due 45 days from date with 6% interest, as part payment of the purchase money of the following described real estate:

"Section 23, block C, Melvin, Blum and Blum's survey, Bailey county, Texas, which is hereby bargained and sold to Luther E. and Lewis E. Buswell for the sum of ...... dollars, of fifty-seven hundred and sixty dollars, in addition to be paid as follows:

"$1,920.00 6 months from date.

"3,840.00 in 5 equal annual payments beginning March 30, 1910, with interest at 6% payable annually. Notes to be made payable on or before.

"If the note for 1,920.00 due 6 months after date is paid within 90 days from date, the remaining payments are each to be reduced 64.00 so as to make the price 11.50 per acre net. Deed to be delivered on completion of payments. Abstract to be furnished, to be secured by a contract on the property above described. Should the title to the property not prove good, then nineteen hundred and twenty dollars to be refunded. But should the said Luther E. and Lewis E. Buswell fail to perform this contract on their part promptly at the time and in the manner above specified (time being of the essence of this contract), then the above nineteen hundred and twenty dollars shall be forfeited by Luther E. and Lewis E. Buswell as liquidated damages, and the above contract shall become null and void.

"(Seal.)          O. W. Kerr Co.,
          "G. H. Porter, Vice President
"(Seal.)          Lewis Buswell,
"(Seal.)          Luther Buswell.
"Signed, sealed and delivered in presence of
          T. H. King."

The trial court found that on April 10, 1908, appellant delivered to respondents, in the state of Wisconsin, certain papers which it then and there represented to be an abstract showing title in appellant; that the abstract so delivered wholly failed to disclose any title to the land in appellant company, and did disclose that there were existing and outstanding liens against the land; that upon receipt of the abstract respondents caused an examination thereof to be made by competent attorneys, and were informed that the title as disclosed by the abstract was not a good and sufficient or marketable title, and that it did not disclose any title in appellant company; that respondents completed examination of the abstract within a reasonable time after it was delivered to them, and within reasonable time notified appellant of the fact that it had no title,

as disclosed by the abstract; that on June 15, 1908, respondents notified appellant that by reason of its failure to furnish an abstract disclosing a good and sufficient marketable title in itself to the real estate they rescinded the contract and demanded a return of the sum of $1,934.40, with interest, which demand was refused. The court further found that respondents acted in good faith in relying on the advice of competent legal counsel, and in rejecting the title, and held that respondents were entitled to recover.

Being satisfied that the decision of the trial court must be affirmed, upon the ground that the abstract did not show a record title in appellant, and that respondents had the right to rescind on that ground, we deem it unnecessary to consider the other questions submitted at the reargument.

Upon execution of the contract respondents executed and delivered to appellant a promissory note of $1,920, with interest at six per cent., due forty-five days from date, and the note given for the first payment of the purchase money was assigned to innocent purchasers and paid at maturity by respondents. They agreed to pay the further sum of $5,760, as follows: $1,920 six months from the date of the contract, and $768 annually for five years, with interest at six per cent., notes to be given for these amounts. If the note due in six months should be paid within ninety days, then the price should be reduced fifty cents per acre; the deed to be delivered upon completion of the payments. As the contract is printed in the record it reads: "Abstract to be furnished, to be secured by a contract on the property above described." From an examination of the original contract, the clause "abstract to be furnished" stands independently, and the rest of the above quotation has reference to the notes to be given for the purchase price.

The questions are:

1. Did the contract provide that appellant was to furnish an abstract showing a good title of record in appellant?

2. Did the abstract show a good title of record in appellant?

3. If the abstract was defective in this respect, was it the duty of respondents, upon discovering the fact, to point out the defects and give appellant a reasonable time in which to remedy the same?

4. Was it prejudicial error to receive in evidence the opinion of an attorney, resident of Texas, upon the question of title to the land in controversy?

1. Although expressed in meager terms, we are of opinion that the parties contemplated that, within a reasonable time after the execution of the contract and delivery of the note for first payment, appellant was to furnish an abstract of title which upon its face should show that appellant possessed a good title of record to the land purchased. There is nothing to suggest that respondents were to acquire information as to the state of the title by any other means than the abstract. The land was situated in a distant state, and the records were not easily accessible. While no definite period was fixed within which the abstract should be furnished, the state of the title was to be determined before any further payment was to be made. This appears from the fact that the contract includes a provision to the effect that, should the title not prove good, then the $1,920 already paid was to be refunded, and by the further provision that the $1,920 was to be forfeited by respondents as liquidated damages, should they fail to perform their part of the contract at the time and in the manner specified.

All questions concerning the title were preliminary to the execution and delivery of the notes for deferred payments. The parties put this construction upon the contract by their subsequent conduct. Appellant furnished an abstract on April 10 following, and respondents did not execute and deliver the other promissory notes for future payments. Our construction of this contract is that it required appellant to furnish respondents, within a reasonable time after March 30, 1908, an abstract which should show upon its face a marketable record title in appellant to the land in question.

2. The principal objections to the title were that the abstract disclosed outstanding vendors' liens against the land; that it did not show whether or not the taxes had been paid, or whether or not there were outstanding judgment liens; that it disclosed an outstanding title in one J. O. Coate; that it did not disclose that the officers of the Leon & H. Blum Land Company had authority to sell the land to J. R. Couts; that appellant company had no interest in

the title; and that Mr. Sulflow, who appeared to be the record own-
er, had executed to a third party a power of attorney to sell and dis-
pose of the lands.     We deem it necessary to consider two only of
these objections.

Although the contract does not specifically mention that the deed
was to be a warranty, it was conceded at the trial that appellant
was required to furnish a warranty deed.     That being the case, un-
der the authority of George v. Conhaim, 38 Minn. 338, 37 N. W.
791, and Steiner v. Zwickey, 41 Minn. 448, 43 N. W. 376, respond-
ents were not bound to accept the deed of a third party, and were
justified in rejecting the title as it appeared of record on the face
of the abstract.     See also Maupin, Marketable Title to Real Estate
(2d Ed.) p. 47.

The abstract disclosed a vendor's lien against the land in question,
and other lands, amounting to $102,374, divided into ten notes,
of $10,237.42 each, and at the time of the delivery of the abstract
seven of those notes had already fallen due.     There was nothing
on the abstract to indicate that any of them had been paid, and
those which were not yet due far exceeded the amount of the pur-
chase price of the land in question.     There was also a second ven-
dor's lien, in the sum of $60,956, divided into five notes, of $12,191
each, and the last of such payments was neither due nor payable
until 1915.     There was also a third vendor's lien, which provided
that not less than six hundred forty acres might be released upon
the payment of a specific amount.

Appellant takes the position that these were not defects in the
title, but only a matter of detail, which under the terms of the con-
tract appellant had the right to pay at any time prior to the time
required for delivery of the deed; that is, although the title was
incumbered by these vendors' liens, yet appellant was not obliged
to take any steps to pay them off, or have the land in question re-
leased from the burden, until the time came for delivery of the deed.
This would require respondents to accept a title which it did not
contract to receive and to accept a deed with warranties from a party
which it did not agree to accept.     Appellant has cited several deci-
sions which are claimed to sustain its position; for instance, Love-

ridge v. Coles, 72 Minn. 57, 74 N. W. 1109; Gregory v. Christian, 42 Minn. 304, 44 N. W. 202, 18 Am. St. 507, and Duluth Loan & Land Co. v. Klovdahl, 55 Minn. 341, 56 N. W. 1119.

The case of Loveridge v. Coles falls under the rule that where a vendee in an executory contract for the sale and purchase of land executes his notes for instalments of the purchase price, and takes bonds from the vendor conditioned to convey the land to him when the last instalment is paid, the promises of the vendee as to all the instalments except the last are independent, and it is not a legal defense to an action upon the notes before the last that the vendee had not a good title to the whole or any part of the land at that time. Such is not the contract in the case under consideration. Here the parties contracted that the abstract should show title of record in appellant at the time the abstract was furnished. Duluth Loan & Land Co. v. Klovdahl is to the same effect, and Gregory v. Christian is clearly not in point.

On this question of incumbrances the cases of Howe v. Coates, 97 Minn. 385, 107 N. W. 397, 4 L.R.A.(N.S.) 1170, 114 Am. St. 723, and Austin v. Barnum, 52 Minn. 136, 53 N. W. 1132, are in point. In the former case the abstract showed outstanding mineral leases, and in the latter the contract provided that the first payment should be returned to the vendee if the vendor should not within nineteen days after payment tender or offer to convey to the vendee a good and perfect title to the land, and it was held that the title was unmarketable, for the reason that the premises were subject to an outstanding mortgage, although the right to foreclose was on the face of the record barred by the statute of limitations. In each case the title was held unmarketable.

3. Appellant cannot complain that its attention was not called to the defects, for within a reasonable time after the abstract was received respondents caused it to be examined and notified appellant of their objections to it, and on June 15 demanded a return of the money. The trial court found that appellant made no effort to correct any of the defects, and did not ask for any additional time in which to make them. That the land stood in the name of Mr. Sulflow was conceded, but the relation in which he stood to appellant

company seemed to be a matter of uncertainty. Appellant was not the record owner, and it is not material whether Sulflow was the real owner, and appellant a mere real estate agent selling the land for him for compensation, or whether he was a trustee holding the title for the benefit of appellant.

4. Whether the opinion of the attorney who resided in Texas was receivable in evidence for the purpose of proving that the title wɛ ɜ defective is a matter of considerable doubt under the authorities. Mr. Maupin, at page 710 of his work on Marketable Title to Real Estate, states: "The opinions of conveyancing counsel, or lawyers in general, will not be received upon the question whether a certain title is or is not marketable. But a judgment will not be reversed, because of the admission of such testimony, when it appears that the entire title upon which such witness' opinion was founded was before the court." The supreme court of Illinois, in the case of Mead v. Altgeld, 136 Ill. 298, 26 N. E. 388, held that the admission of expert evidence to show whether a title is merchantable is not prejudicial error, where all of the evidence on which the witness' opinion was based was before the court. And it was held, in Montgomery v. Pacific Coast, 94 Cal. 284, 29 Pac. 640, 28 Am. St. 122, that the purchaser takes the risk of the soundness of the advice of counsel upon the title when the facts are as admitted, and it appears of record that an erroneous opinion was given. The Michigan supreme court, in Walker v. Gilman, 127 Mich. 269, 86 N. W. 830, held that the vendee was entitled to rely upon advice of counsel as to the title in a case where upon the facts it appeared a doubtful question whether the title was good.

In the present case the facts are all admitted. The attorney's opinion was based upon an examination of the abstract, without any examination of the record, and all of the facts upon which his opinion was based were before the trial court and before this court. From the facts so found we are of opinion that the title as disclosed by the abstract was imperfect, for the reasons already stated, and that it was not prejudicial error to receive in evidence the opinion of the attorney as to the state of the title.

Affirmed.