## ERNEST V. SCHLEMMER v. ALICE M. NELSON.[1]

September 26, 1913.

Nos. 18,144—(240).[2]

**Vendor and purchaser — marketable title — defense to note.**

> Where a vendor contracts to convey a marketable title by warranty deed and fails to acquire such title within the time limited therefor, such failure, unless waived by the vendee, is a complete defense to a note given for an instalment of the purchase price.

Action in the district court for Ramsey county to recover $500 upon a promissory note. The answer set out a contract of sale by which the Sperry Realty Company sold and agreed to convey to defendant the real estate described therein, alleged that the note in question and the contract were signed by defendant by reason of the false and fraudulent representations of the person claiming to be president of the realty company, specifying in what respects the representations were false; and denied that the premises in question were or ever

[1] Reported in 142 N. W. 1041.          [2] April, 1913, term calendar.

had been the property of the realty company. The reply admitted the execution of the note and contract, denied the other allegations of the answer upon information and belief, and alleged that, if any of the allegations were true, plaintiff had no knowledge concerning the same when the note was indorsed and assigned to him. The case was tried before Brill, J., who at the close of the testimony granted defendant's motion for a directed verdict in her favor. From an order denying plaintiff's motion for judgment in his favor notwithstanding the verdict or for a new trial, he appealed. Affirmed.

*Allen & Straight,* for appellant.

*John F. Fitzpatrick,* for respondent.

TAYLOR, C.

Plaintiff brought this action to recover the amount of a promissory note executed by defendant to the Sperry Realty Company on June 5, 1912, and transferred to him by that company on the following day. The trial court directed a verdict for defendant, and plaintiff appeals from an order denying his alternative motion for judgment notwithstanding the verdict or for a new trial.

The note, payable five days after date, was given for the first instalment of the purchase price of certain real estate, which the Sperry Company had contracted to sell and convey to defendant by warranty deed free from all adverse claims and liens, except a certain mortgage, on payment of the remaining instalment of the purchase price. The contract for the sale of the real estate bore the same date as the note, made time of the essence of the contract, and provided that "the seller shall, within five days from the date hereof, deliver to said purchaser a properly certified abstract of title to said land. The purchaser shall be allowed ten days thereafter within which to perform this contract, provided that if the title to said real estate, or any part thereof, shall be found to be unmarketable, and can be made marketable in said seller within sixty days after the delivery of said contract, the purchaser shall be allowed ten days, after he shall have been notified in writing of the amending of such title, to perform this contract on his part. If such title is found to be unmarketable in said seller and cannot be amended within sixty days,

then this contract shall be void, and neither party shall be liable for damages hereunder."

Passing the point that it does not appear that any abstract was ever furnished, the contract entitled defendant to a warranty deed executed by the Sperry Company and conveying a marketable title. Steiner v. Zwickey, 41 Minn. 448, 43 N. W. 376; Buswell v. O. W. Kerr Co. 112 Minn. 388, 128 N. W. 459, 21 Ann. Cas. 837; George v. Conhaim, 38 Minn. 338, 37 N. W. 791.

The Sperry Company had no title to the property but merely an option to purchase it. Conceding without deciding that the right possessed by the holder of an option is sufficient to enable him to make a valid contract to sell, he must acquire and be prepared to convey a good title before the expiration of the time fixed for the performance of the contract, or the purchaser may refuse to perform and may recover back any payments already made. Townshend v. Goodfellow, 40 Minn. 312, 41 N. W. 1056, 3 L.R.A. 739, 12 Am. St. 736; Gregory v. Christian, 42 Minn. 304, 44 N. W. 202, 18 Am. St. 507; Goetz v. Walters, 34 Minn. 241, 25 N. W. 404; Duluth L. & L. Co. v. Klovdahl, 55 Minn. 341, 56 N. W. 1119; Buswell v. O. W. Kerr Co. supra.

Under its contract the Sperry Company was limited to 60 days in which to perfect its title, and if it failed so to do the contract by its terms became void. It is conceded that the company never acquired title to the property either before or after the expiration of the 60 days, and that prior to the trial it transferred whatever right it may have possessed under its option or contract to parties other than defendant. The consideration for the note has wholly failed and defendant has a complete defense to it. Slater v. Foster, 62 Minn. 150, 64 N. W. 160; Smith & Nixon Piano Co. v. Lydick, 110 Minn. 82, 124 N. W. 637.

Plaintiff is not in position to invoke the rule protecting a good faith purchaser. He is an employee of the Sperry Company and took the note with full knowledge of all the facts then existing.

Order affirmed.

HALLAM, J., took no part.