## WILL SHIMON v. L. L. SOGGE AND OTHERS.[1]

March 16, 1923.

No. 23,309.

**Recovery from owners of land of earnest money paid to another.**

The plaintiff was justified in rescinding an earnest money contract with one of the defendants as vendor, who was used by other defendants as a straw man for negotiating a sale of land as vendor, and who had no title as contemplated by the contract and was unable to convey; and he was entitled to recover the earnest money which he paid from all of the defendants who were owners or concerned in the sale.

Action in the district court for Cottonwood county to recover $2,500. The facts are found in the opinion. The case was tried before Nelson, J., who when plaintiff rested denied defendants' motion to dismiss the action, and a jury which returned a verdict for $2,878.29. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*O. J. Finstad*, for appellants.

*E. H. Nicholas* and *P. S. Redding*, for respondent.

DIBELL, J.

Action to recover $2,500 paid by the plaintiff as earnest money on a contract for the sale of real property. There was a verdict for the plaintiff and the defendants appeal.

The defendant Dr. Sogge held the record title to certain property in Jackson county, he owning one-fourth, the J. T. Johnson Land Company, or J. T. Johnson, one-fourth, and one W. J. Malchow one-half. On April 22 Dr. Sogge, through the Johnson Land Company, contracted to sell the land, represented to contain 434.95 acres, to the plaintiff for $65,242.50. The plaintiff gave his $2,500 note as earnest money. It was negotiated, and afterwards paid by the plaintiff.

[1]Reported in 192 N. W. 739.

On April 27, 1920, Dr. Sogge entered into an earnest money contract with the defendant Carroll to sell him the same land, represented to contain 440.46 acres, for $61,664.40, $1,500 to be paid in cash.

On April 29, 1920, the plaintiff entered into an earnest money contract with the defendant Carroll, through the Johnson Land Company, for the purchase of the land, represented to contain 440.46 acres, for $66,069, $2,500 cash, $10,000 March 1, 1921, $36,000 by assuming a first mortgage, and $17,569 by the execution of a second mortgage. Carroll was a straw man. The purpose of the defendants, other than Dr. Sogge, was to put the sale through Carroll and get for themselves the benefit of $10 per acre. It will be noticed that Dr. Sogge's contract with Carroll was at $10 less per acre than his earlier contract with the plaintiff, and that Carroll's contract with the plaintiff was at the same price per acre as the contract between the plaintiff and Dr. Sogge, the difference in the total price being explained by the difference in acreage on which it was based.

The plaintiff claims that when the defendants came to him with the Carroll contract they represented that Carroll had bought the land from Dr. Sogge previously, that Dr. Sogge could not convey, and that the new contract was the same in terms as the one with Dr. Sogge. He was at work on his farm planting corn, took their word for it, and signed the contract. The $2,500 earnest money note given on the contract with Dr. Sogge was to stand as the earnest money payment on the Carroll contract. The defendants claim that they told the plaintiff that they wanted to put the contract through Carroll so that they could make a commission out of Dr. Sogge, and that he assented. The Carroll contract provided:

"Purchasers to be furnished with a good and merchantable abstract on or before Feby. 15, 1921, showing title in the name of seller. * * * And it is agreed that if the title to said premises is not good and cannot be made good within sixty days from the date hereof, this agreement shall be void, and the above twenty-five hundred dollars ($2500) refunded. But if the title to said premises is now good in seller's name within sixty days, and said purchaser refuses to accept the same, said twenty-five hundred dollars ($2500) shall be forfeited to the said seller."

There was to be a warranty deed. Under the contract of April 22 the plaintiff was entitled to Dr. Sogge's warranty. If the plaintiff's testimony is true, and the jury found it so, the defendants, other than Sogge, having in mind a fraudulent purpose, obtained a substitution of the Carroll contract for the Sogge contract. Dr. Sogge participated only insofar as the giving of the contract to Carroll, which made their plan workable, was a participation. Of course he would not knowingly join in a plan to defraud himself. He was not himself guilty of fraud. His codefendants were practicing fraud on him in an effort to make $10 per acre. The testimony is that in December Carroll conceded his inability to carry out the contract. In January, 1921, the plaintiff gave written notice of its cancelation. Carroll did not have title within 60 days after his contract with the plaintiff, or at any time, and was at no time in position to convey, and never intended to become the owner. He says himself that he was a straw man, and received compensation. Some time in February he assigned his interest in the earnest money contract to the Johnson Land Company. Dr. Sogge had little personal knowledge of the details of the transaction. He trusted the Johnson people. If he had been on the alert he would not have given an earnest money contract to Shimon at $150 per acre, and a week later one to Carroll at $140 per acre. Only because of his reliance upon them could the Johnson people have made a successful beginning of their scheme. But Dr. Sogge received or was credited with his portion of the $2,500, his making of the contract with Carroll, while he had one with plaintiff, made possible the consequences which followed, and he must answer with his agents for the wrong done though he actually contemplated none. The plaintiff was justified in rescinding, he was not obliged to carry out the contract, and he is entitled to the return of his purchase money.

Order affirmed.