## MARGARET E. ELDER v. WATSON R. ELWELL.[1]

July 6, 1928.

No. 26,639.

**Vendor not entitled to enforce specific performance of sale contract.**
    Plaintiff made an earnest money contract agreeing to enter into a contract for deed to sell and convey certain lands to defendant, consideration payable in instalments, and covenanted to furnish a certified Torrens certificate of title within a specified time. Plaintiff furnished a certified Torrens certificate, but it showed title in one Leuthold from whom plaintiff held an unrecorded warranty deed for substantially an undivided one-half of the land. Leuthold and wife agreed in writing with plaintiff and husband to join in the execution of the final contract for deed and in the warranty deed to defendant. In action brought by plaintiff, the vendor, for specific performance, *held*:
    1. Contract construed to mean that plaintiff was to furnish such certified Torrens certificate showing title in her own name; plaintiff, having failed to show title in her own name or that she was in a contractual position to acquire such title before entering into the final contract, has not shown performance of the contract on her part and therefore cannot enforce specific performance.
    2. The general rule is that a person has the right to determine for himself with whom he will enter into contractual relations.

Contracts, 13 C. J. p. 273 n. 50.
Vendor and Purchaser, 39 Cyc. p. 1443 n. 83.

Plaintiff appealed from an order of the district court for Hennepin county, Leary, J. denying her motion for a new trial. Affirmed.
*Oscar Hallam,* for appellant.
*Drew & Cain,* for respondent.

WILSON, C. J.
    Plaintiff appealed from an order denying her motion for a new trial.
    This is an action for specific performance of an earnest money contract for the sale of real estate for $52,500, payable in instal-

[1]Reported in 220 N. W. 415.

ments. The contract specified that plaintiff, the vendor, would furnish defendant, the vendee, with a Torrens certificate of title showing good title. The title of record stood in the name of Jacob Leuthold, who owned approximately an undivided one-half, and the plaintiff held an unrecorded deed from Leuthold for substantially the other half.

At the time when plaintiff was to make title under her contract, but not when contract was made, she had a contract in writing from Jacob Leuthold and wife agreeing to join in the execution of final contract and in the warranty deed to be given; and in this manner plaintiff with her own warranty deed was in a position to give defendant the title called for by the contract, but she failed to have title in her own name. The trial court denied plaintiff's prayer for relief and awarded defendant judgment for a return of the $2,000 earnest money which he had paid on the contract.

In Goetz v. Walters, 34 Minn. 241, 25 N. W. 404, it was held that the vendee could avoid a contract to convey land to which the vendor had no title and demand and recover the earnest money, the terms of the contract giving the vendee the right to pay and demand performance within 90 days. The contract stated that if title was not good the agreement should be void.

In Benedict v. Williams, 39 Minn. 77, 38 N. W. 707, the contract contained a clause to the effect that the vendor had a reasonable time to perfect the title should defects be found. But it was held that such clause did not distinguish the case from Goetz v. Walters, 34 Minn. 241, 25 N. W. 404.

In Townshend v. Goodfellow, 40 Minn. 312, 41 N. W. 1056, 3 L. R. A. 739, 12 A. S. R. 736, it was held that the rule of the Goetz and Benedict cases was applicable only where a party had no interest in the lands which he agreed to convey, but volunteered to enter a contract as a mere venture. It was there said that such a transaction will not be sanctioned by a court of equity, because it is a mere speculation, and one who speculates on that over which he has no control or means of acquiring it is not a bona fide contractor. But the court then announced the general rule to be this: where a contract is entered into in good faith it is not necessary

that the vendor, who is in a contractual position to get title, be actually in a situation to perform it at the time it is entered into, provided he be able at the proper time to place himself in that situation. This action sustained the rights of a mere subpurchaser who held an executory contract from one who had such contract with the fee owner.

In George v. Conhaim, 38 Minn. 338, 37 N. W. 791, it was held that a vendee under a contract for deed was entitled to a deed from the vendor with perfect title of record in the vendor at time of delivery of deed. But such holding rested largely upon the fact that the vendee was entitled to the personal covenants of warranty from the vendor. Steiner v. Zwickey, 41 Minn. 448, 43 N. W. 376; Buswell v. O. W. Kerr Co. 112 Minn. 388, 128 N. W. 459, 21 Ann. Cas. 837; Unruh v. Roemer, 135 Minn. 127, 160 N. W. 251. In McChesney v. Oppek, 156 Minn. 260, 194 N. W. 882, the statement that the vendee is not required to take title through someone other than the vendor apparently rests upon the rule of these cases. In substance the same statement was made in Paynesville Land Co. v. Grabow, 160 Minn. 414, 200 N. W. 481.

In Gregory v. Christian, 42 Minn. 304, 44 N. W. 202, 18 A. S. R. 507, the vendor was not the owner of the property, although when she signed the contract she supposed her title to be perfect. She was unable to show a good title at the time appointed for completion of the sale. She was without title and apparently within the doctrine of the Goetz and Benedict cases. This is indicated by the court's saying that the effect of such breach of contract was not avoided by her subsequently becoming enabled to comply with the terms of the contract.

In Loveridge v. Coles, 72 Minn. 57, 74 N. W. 1109, the vendor had an equitable fractional interest in the lands involved which she sold, taking three promissory notes as instalment payments, and gave her bond to convey title upon payment of the last note. She later acquired the legal title, one-third of which she owned and two-thirds of which she held in trust for two children. The promise to pay the two notes for the first and second payments was independent.

The promise to pay the last note was dependent in that it was to be made simultaneously with the conveyance. It was held under such circumstances that it was not a legal defense to such an action that the vendor did not then have a good title to the whole or any part of the land. But the court did indicate that equity would have protected the purchaser had he established his equities. Whether the vendee could have rescinded was not decided. Perhaps the language used in apparent hostility to Goetz v. Walters, 34 Minn. 241, 25 N. W. 404, and Benedict v. Williams, 39 Minn. 77, 38 N. W. 707, was in reference to strictly legal rights and not to equitable principles relating to rescission as involved in those cases. The rule of the Goetz and Benedict cases seems to have been followed in Shimon v. Sogge, 155 Minn. 114, 192 N. W. 739.

The fact that lands are encumbered or the title otherwise imperfect when the contract is made or at any time before the date fixed for its completion will not alone constitute a defense to an action for the recovery of an instalment falling due at any earlier date, or a ground for a rescission of the contract, since such encumbrance or other defect may be removed within the time fixed for the completion of the purchase. Duluth L. & L. Co. v. Klovdahl, 55 Minn. 341, 56 N. W. 1119.

Where a vendor contracts to convey a marketable title by warranty deed and fails to acquire such title within the time limited therefor, such failure, unless waived by the vendee, is a complete defense to a note given for an instalment of the purchase price. Schlemmer v. Nelson, 123 Minn. 66, 142 N. W. 1041. In this case it was assumed that an option contract for title was sufficient to authorize the vendor to make contract for sale.

In Paynesville Land Co. v. Grabow, 160 Minn. 414, 200 N. W. 481, it was held that a vendor has good title justifying his entering into a contract for deed when he holds a valid subsisting contract for deed from one who also holds such contract with the fee owner; and where these parties are willing to carry out their contract the vendee cannot rescind because the vendor is not the record owner in fee.

In the instant case the plaintiff contracted to "deliver to the buyer a certified Torrens certificate of title to said land, continued to date, within ninety (90) days from date hereof; the buyer shall have 15 days thereafter to examine said title and, in case said title shall be found good and marketable, to perform this contract; in case said title shall be found not good and marketable, the seller shall have ——— days thereafter to make it such, and on so doing shall notify the buyer in writing, after which the buyer shall have ———days to perform this contract; and in case said title shall not be good and marketable within said time, this contract shall become void, said earnest money returned to the buyer and neither shall be liable for damages."

We construe the quoted part of the contract as meaning that the plaintiff agreed to deliver a certified Torrens certificate of title in her name. Steiner v. Zwickey, 41 Minn. 448, 43 N. W. 376; Buswell v. O. W. Kerr Co. 112 Minn. 388, 128 N. W. 459, 21 Ann. Cas. 837. This she failed to do. The certified Torrens certificate furnished negatived her title because it showed title in Jacob Leuthold.

Plaintiff claims that she made title for the consummation of the transaction. She entered into a written contract with Jacob Leuthold, his wife joining, wherein he and his wife agreed to join in the final contract, acknowledged and recordable, with defendant. She claims that she could thus contract and deliver title and that defendant would not only eventually have her warranty deed as to all of said premises but also in addition thereto the warranty of Leuthold as to one-half thereof. It is claimed that by this process defendant would acquire a perfectly good title and that he should be required to accept the title.

But to enforce such title upon defendant would be to compel him to assume contractual relations with one with whom he did not choose to contract. The fact remains that plaintiff did not deliver the certified Torrens certificate of title in her name. She did have a deed from Leuthold as to an undivided one-half. But under the Torrens system that deed did not establish ownership. No deed concerning registered land can take effect as a conveyance, except

perhaps as to the parties thereto, other than as authority to the registrar to make registration. Abrahamson v. Sundman, 174 Minn. 22, 218 N. W. 246.

Defendant purchased land on instalments. He was careful to contract that plaintiff should show a certain kind of title before entering into the final contract. Plaintiff now in substance says to the purchaser: "I have concluded to have you obligate yourself not only to me but also to another." She assumes the right to say that she and defendant would abandon the original plan and make a different contract to which a third person was to be a party. This is not the spirit of her contract. Before she may specifically enforce the contract she must perform her part of the contract. She has not. The burden is upon her and she has failed to establish the necessary facts to entitle her to the relief sought.

No claim is made that defendant's rescission was premature. Indeed the plaintiff stands squarely upon the record, claiming that by virtue of the contract between her and the Leutholds she is in a position to compel performance of the contract on the part of defendant. But she has not made title in herself as she contracted to do. Indeed, as indicated, she has not shown that she has any title to any part of the land. She has not produced a contract between herself and the Leutholds whereby she may acquire title before entering into the final contract. Had she done this she would have been in a position to carry out her agreement. She has not shown that she has the power to become the owner in fee by legal or equitable proceedings. She could become such only to a fractional portion thereof. She has not shown any means of obtaining the balance. She has seen fit to content herself in taking such steps as would give the vendee good title by the combined acts of Elders and Leutholds, which includes her warranty on the entire premises.

To sustain plaintiff's contentions would be to compel defendant to assume contractual relations with Leutholds covering a number of years and involving important business relations. The general rule is that a person has the right to determine for himself with whom he will enter into contractual relations. 2 Dunnell, Minn. Dig. (2 ed.) § 1731a. Defendant does not choose to contract with

Leutholds. His earnest money contract did not bind him to enter into an agreement with anyone but plaintiff, and his consent is a prerequisite to the court's saying to him that he must enter into such a contract with a stranger.

Before a vendor can resort to the remedy of specific performance he must comply with the contract on his part and must show that he has such title as he contracted to convey. We are of the opinion that plaintiff, having failed to furnish the title she contracted, is not entitled to enforce specific performance; and that, since she has no contractual relation with the fee owner under which she can acquire title to the premises, defendant successfully rescinded the contract and was entitled to a return of the money paid.

Affirmed.