MELVIN GITTLEMAN v. DONALD J. FESENMAIER
AND ANOTHER.

128 N. W. (2d) 709.

May 15, 1964—No. 39,157.

*Maslon, Kaplan, Edelman, Joseph & Borman* and *Charles A. Cox,* for appellant.

*Larson & Wiese* and *Gerald H. Hanratty,* for respondents.

OTIS, JUSTICE.

Plaintiff as vendor appeals from the dismissal of a suit for the specific performance of a contract to sell real estate, heard by the court without a jury.

On Friday, April 27, 1962, the vendor and his wife contracted with defendants to sell them property at 2012-2018 16th Avenue South in Minneapolis. The following Monday payment on the earnest money check was stopped. The next day the parties agreed to a modified contract, but subsequently the purchasers refused to perform, alleging by way of justification that plaintiff was not the owner of the property at the time the contract was entered.

At the trial the vendor testified that on the date of the contract title was in the Melco Investment Company of which he was the president and the owner of 98 percent of the stock. His wife, who was treasurer, owned the remainder of the stock. They held two of the three positions on the board of directors. However, Mr. Gittleman was not permitted to state whether or not the Melco Investment Company would have conveyed the property to him had he so requested.

The narrow issue is whether a vendor who was not the legal owner at the time of entering an agreement to sell may secure specific performance upon a showing that he was in a position to obtain and convey good title before the closing date. The applicable rule followed in Minnesota has been uniformly adopted elsewhere. To entitle a vendor to specific performance he need not have complete title and capacity to convey at the time the earnest money contract is entered.

It is sufficient if he has undertaken the transaction in good faith, and not as a mere venture or speculation, and when the contract is entered he has the right or the power to secure good title or a justifiable expectation of being able to do so within the time required for performance.[1]

Although the record does not indicate why the dismissal was granted, there was no showing of lack of good faith and the vendors clearly had it within their power to secure title in time to convey to the purchasers. Cases cited in support of defendants' position hinged on the inability of vendors to perform either within the time prescribed by law or the time specified by contract;[2] or involved situations where the vendor had no interest in the property or expectation of acquiring title;[3] or required the purchaser to contract with a stranger;[4] or called for an abstract in which vendor's title appeared of record.[5] These decisions do not govern this case. We therefore hold that it was error to dismiss the action.

■ Plaintiff asserts he was denied an opportunity to litigate the issue of waiver. We call attention to the fact that under Rule 41.02(2), Rules of Civil Procedure, the court is authorized to grant a dismissal only after plaintiff has completed the presentation of his case. Hence, it was error to grant the motion before the plaintiff had rested.

Reversed and remanded for a new trial.

---

[1]Townshend v. Goodfellow, 40 Minn. 312, 314, 41 N. W. 1056, 1057, 3 L. R. A. 739; Smith v. Kurtzenacker, 147 Minn. 398, 401, 180 N. W. 243, 244; Paynesville Land Co. v. Grabow, 160 Minn. 414, 420, 200 N. W. 481, 483; 6 Williston, Contracts (3 ed.) § 878; 3 American Law of Property, § 11.49, p. 141; 8A Thompson, Real Property, § 4487, p. 530; Restatement, Contracts, § 283; Annotation, 57 A. L. R. 1253, 1515.

[2]Gregory v. Christian, 42 Minn. 304, 44 N. W. 202; Townshend v. Goodfellow, 40 Minn. 312, 318, 41 N. W. 1056, 1058.

[3]Goetz v. Walters, 34 Minn. 241, 25 N. W. 404; Benedict v. Williams, 39 Minn. 77, 38 N. W. 707.

[4]Elder v. Elwell, 175 Minn. 144, 148, 220 N. W. 415, 417.

[5]Buswell v. O. W. Kerr Co. 112 Minn. 388, 395, 128 N. W. 459, 462.