[Civ. No. 706. Fourth Appellate District.—May 27, 1931.]

HUGH WILTON, Respondent, v. W. D. SPALDING, Appellant.

Spalding & Meyers for Appellant.

Mark F. Jones and F. C. Heffron for Respondent.

JENNINGS, J.—Defendant Spalding appeals from a judgment rendered against him.

Respondent instituted this action to recover the sum of $2,000, representing the amount of money for which two checks were drawn by appellant on the First National Bank of Los Angeles on September 7, 1927. Each check was for $1,000 and each was made payable to the order of J. H. Somers. The checks were originally given as a part of a larger sum, which was to be applied in paying the expenses of completing the drilling of a certain oil-well under the terms of an agreement with the Calnan Petroleum Corporation. The receipt, given at the time the checks were delivered to Somers, reads as follows:

"Los Angeles, Calif., Sep. 7, 1927.

"Received of W. T. Garrett Five Thousand Dollars ($5,000) as per agreement with the Calnan Petroleum Co. dated the 31st of August 1927 and signed by J. H. Somers Trustee and approved by its President and secretary Darrel Foss and J. G. Hoss, Sect. Also by a majority of its stockholders this Five Thousand to be applied towards the completion of well number one under the direction of W. T. Garrett bills to be approved by W. D. Spalding and J. H. Somers.

"(Sgd.) J. H. SOMERS, Trustee."

On September 17, 1927, J. H. Somers and W. T. Garrett went to the office of J. J. Stalker, where the respondent was present, and concluded negotiations for the procuring of a lease of certain land. The negotiations resulted in the preparation of an instrument entitled "Option to Purchase Oil Lease". This instrument is in the following form:

"Los Angeles, Calif. September 17, 1927.

"In consideration of the sum of $2,000.00 to them in hand paid receipt of which is hereby acknowledged, Hugh Wilton and Jennie Borsky hereby grant an option to H. J. Somers, W. T. Garrett, and J. S. Horn, to acquire an oil lease covering the East 80 acres of the South ½ of the Southeast ¼ of section 36 Township 5, South range 11 West S. B. B. and M. containing 80 acres more or less, located in Orange County, California.

"This lease is to be for one year and drilling activities are to begin 90 days from date the Calnan well goes on production. Lessors are to receive ⅙ of the oil & Gas produced and lessee is to agree to drill a well on each five acres, each of the said wells are to be started at 120 days intervals after the first well is completed and goes on production.

"Two strings of tools are to be kept in operation after the first well is completed after production is found in paying quantities until 16 wells are completed. The purchase price of said lease is to be $48,000.00 cash. The conditions of this option hereby granted as follows:

"A check for $46,000.00 is to be placed in escrow upon the signing of this lease to be paid to the order of Hugh Wilton and Jennie Borsky upon the completion of the search of title and when the papers are ready to record. Should this balance of $46,000.00 not be paid as above stated then this option shall be null and void and of no force and effect, and the $2,000.00 paid for this option shall be forfeited and become the property of said Hugh Wilton and Jennie Borsky.

"It is expressly understood that time is the essence of this agreement.

"(Sgd.) HUGH WILTON.
"J. J. STALKER.
"Attorney in Fact: for JENNIE BORSKY.
"By J. J. S.
"J. H. SOMERS.
"W. T. GARRETT.
"J. S. HORN."

(On reverse side, in pencil:) "W. D. SPALDING,
"1st Nat Bk of L. A."

The evidence indicates that the parties discussed the lease that was to be given and that it was clearly understood among them that it was to be a so-called standard form of lease for a term of twenty years. The option was prepared by J. H. Somers. After it was completed it was discovered that the instrument provided for the execution of a lease for only one year in place of a lease for twenty years. This feature was discussed, but it appears that the three individuals present at the time, Stalker, Somers and Garrett, agreed among themselves that when the lease for which the option was given should be made it would be a lease for twenty years. The option was duly signed by the respondent and J. J. Stalker as attorney-in-fact for Jennie Borsky as optionors and by J. H. Somers, W. T. Garrett and J. S. Horn as optionees. Coincident with the signing of the option, J. H. Somers indorsed the two checks of appellant and delivered them to respondent. On September 18th, the day following the execution of the option, appellant was informed by Garrett that the option had been given and that the two checks drawn by him in favor of J. H. Somers had been indorsed by the payee and delivered to respondent in accordance with the provisions of the option. A copy of the option was then delivered to him and he placed on the back of it the following indorsement:

"This lease purchased by J. H. Somers, W. T. Garrett and W. D. Spalding and J. S. Horn.

"$2000.00 check by W. D. Spalding."

Appended to this indorsement are the signatures of the four persons named in it and during the trial appellant testified that the parties signed their names at the time the indorsement was made. Within half an hour afterward, appellant stopped payment on the two checks he had drawn in favor of J. H. Somers on September 7, 1927, by notifying the bank not to cash them. About a week or ten days after the option was executed the following instrument was executed by W. T. Garrett and appellant Spalding.

"Agreement:

"Whereas, W. D. Spalding has agreed with W. T. Garrett to pay Two Thousand ($2000) Dollars, plus costs, in the matter of securing an option on the eighty (80) acre Finley or Medlin piece, and

"Whereas, it is agreed between both parties hereto that they shall endeavor to dispose of this lease at a profit and divide the profit equally between them,

"Now, therefore, it is agreed that in the event that this deposit paid by W. D. Spalding is forfeited and no profit is made in this transaction, that said W. T. Garrett will share the loss equally with the said W. D. Spalding.

"(Sgd.) W. D. SPALDING

"W. T. GARRETT."

The land described in this instrument as the eighty-acre Finley or Medlin piece is the same land covered by the option agreement.

Appellant makes three contentions: 1st, that the finding that J. H. Somers was a holder in due course and for value of the checks sued upon is not supported by the evidence; 2d, that there was a total want of consideration for the delivery of the checks to respondent, and 3d, that there was a total failure of consideration.

Upon the point that there was no consideration for the giving of the checks to respondent, it is argued that the optionors had not such an interest in the land as would permit the execution of a valid lease for which the option was given; that the option which was here given was an option to purchase and not an agreement to sell; that an option to purchase is an executed agreement which requires the optionor to be in a position to execute the necessary conveyance at any time during the life of the option; that there was therefore no consideration for the checks, which precludes recovery by the respondent.

The evidence presented at the trial shows that when the option for the lease was given, the optionors had entered into a contract for the purchase of the land with the legal owner and that the matter was in escrow pending the performance of certain conditions by the purchasers. There was evidence that this situation was fully explained to Somers and Garrett. On this latter point the evidence is in conflict. Obviously this feature has some importance, for if the optionees entered into a contract for a future lease of the property with the full understanding at the time that the optionors did not hold legal title, appellant's contention that there was no consideration for the giving of the two checks fails since the optionees received exactly what they

bargained for. Appellant relies upon the decision in *Burks* v. *Davies,* 85 Cal. 110 [20 Am. St. Rep. 213, 24 Pac. 613]. In this case the trial court found that the optionor knew that he did not have title to all of the land for whose sale he gave an option for a limited time and that he neglected to communicate this fact to the optionee, although he knew that the latter was relying on his ability to purchase the whole of the land and would not have entered into the contract had he known of the defect. Furthermore, it appeared that no attempt was made by the optionor to procure title to that portion of the land which he did not own until after the expiration of the time allowed for the exercise of the option and after the optionee had given notice of rescission. It is obvious that the facts therein presented differ materially from those that appear in the instant case. In *Hazzard* v. *Johnson,* 45 Cal. App. 19, at 28 [187 Pac. 121], it was said that the decision in *Burks* v. *Davies, supra,* is not applicable where the parties attempting to rescind had made ·a contract with knowledge of the facts on which they rest their claimed right of rescission. The conflict in evidence on the point as to whether the optionees had knowledge of the optionors' lack of title at the time the contract was made should be resolved in respondent's favor by this court under the well-established rule which requires an appellate court to consider the evidence in its aspect most favorable to upholding the findings and judgment. (*Rutledge* v. *City of Eureka,* 195 Cal. 404, 413 [234 Pac. 82] ; *Estate of Berry,* 195 Cal. 354, 361 [233 Pac. 330] ; *Breeze* v. *Brooks,* 97 Cal. 72 [22 L. R. A. 257, 31 Pac. 742].)

█ It is also urged that there was a total failure of consideration because the written agreement provided for a lease for one year, which it is contended the evidence shows was entirely without value and did not correctly express the intention of the parties in that the lease discussed during the negotiations between the parties prior to the preparation and execution of the written contract was a lease for twenty years. As to the entire lack of value of a lease for one year there is at least some conflict in the evidence, but apart from this the court found that the parties intended to provide for a twenty-year lease and that appellant's remedy was an action for reformation. The court's conclusion that reformation rather than the harsher remedy of rescission is the proper remedy is clearly

correct in view of the finding that all parties to the contract intended to provide for a lease for twenty years. (22 Cal. Jur., p. 709; *Tetenman* v. *Epstein,* 66 Cal. App. 745 [226 Pac. 966].) It may also be remarked that the trial court found that no request for reformation of the instrument, admittedly prepared by his co-defendant, Somers, had been made by appellant and that this finding is supported by evidence.

■ Finally, it is contended that the trial court found that J. H. Somers was a holder in due course and for value of the two checks here sued upon and that this finding is not supported by the evidence. There is no specific finding that J. H. Somers, who was the payee named in the two checks, was a holder in due course, although finding VII states that it is not true that the checks were delivered by appellant to Somers without consideration and solely as appellant's agent to apply them or the proceeds of them for the sole benefit of appellant and in accordance with appellant's instructions. Appellant's contention with respect to this feature of the case may be summed up as follows: Respondent is here suing on two checks which he received from J. H. Somers. He made out a *prima facie* case for recovery of the sum of money represented by the checks by showing that the checks were indorsed by the payee and delivered to him in exchange for the option agreement and that payment of the checks was refused by the drawee by order of the maker. Appellant then presented proof showing, so he argues, that there was in fact no consideration given by respondent for the checks and that the payee, Somers, had received the checks from appellant for a specific purpose, to wit, the payment of expenses incurred in the completion of an oil-well on property other than that covered by the option; that Somers was therefore not a holder of the checks in due course and for value and he contends that after such showing the burden shifted to respondent to show consideration and the taking of the checks without knowledge by him of the fact that Somers held the checks which had been made payable to him for the specific purpose of using the proceeds to pay the expenses of completing an oil-well on other property. This burden, appellant insists, was not sustained by respondent. It is obvious that, passing the question of consideration herein decided ad-

versely to appellant's contention, the question of knowledge by respondent of the limitations of Somers, payee and indorser, is a vital feature of appellant's contention. Upon this point, the evidence is meager, but sufficiently indicates a lack of knowledge on the part of respondent that the payee, Somers, could not rightfully apply the checks as payment for the option. The testimony of both the respondent and the witness Stalker indicates that respondent made inquiry of the payee as to the identity of the drawer of the checks and that he was advised that the drawer was the financial backer of the group who were interested in procuring a lease of the property. Furthermore, the testimony of appellant shows that on September 13, 1927, he knew of the negotiations for a lease that were pending between the optionors and optionees and agreed to furnish the sum of $1,000, which he was then advised would be the purchase price of the option and that he was to share in whatever profit might result from the transaction. He also testified that he was given a copy of the option agreement on the day following its execution, that although he disapproved of the use of his checks in the purchase of the option he agreed to let it go and almost immediately thereafter signed an indorsement appearing on the reverse side of the copy of the option contract to the effect that the lease was purchased by himself and three others; that later on he endeavored to have the agreement changed to provide for a twenty-year lease and made the agreement with W. T. Garrett whereby the parties stipulated that they would divide whatever profit might result from a sale of the lease and that if there should be no profit Garrett would share the loss resulting from a forfeiture of the $2,000 deposited in payment for the option. Under these circumstances, it is difficult to discover any reason, legal or equitable, why appellant is not liable on the checks which he placed in the hands of Somers.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.